## Glens Falls Insurance Co. v. James Hite, Use of, etc.

1. INSURANCE—*Waiver of Right to Demand Appraisal of Property.*— Where an insurance company denies any liability whatever, it has no right to demand an appraisal of the property.

2. GARNISHMENT—*For Unliquidated Damages.*—Under the facts and circumstances of this case, the amount due from the insurance company to the insured was subject to garnishment, although such claim was not adjusted and was disputed by the company.

` Attachment Proceedings.—Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Verdict and

judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed July 11, 1899.

PADDOCK, WRIGHT & BILLINGS, attorneys for appellant, contended that notice of intention not to perform the obligations of a contract is revocable at any time before the opposite party has acted thereon to his detriment. Therefore, if the insurance company refused to pay the loss, the assured never acted upon the refusal, and such refusal having been subsequently withdrawn, all provisions of the policy remained in full force and effect, including the company's right to an appraisal. Nilson v. Morse, 52 Wis. 252; McPherson v. Walker, 40 Ill. 371; Kadish v. Young, 108 Ill. 170; Roebling's Sons v. Lock Stitch Co., 130 Ill. 660; Zuck v. McClure, 98 Pa. St. 541; Ripley v. McClure, 4 Ex. 345; Avery v. Bowden, 5 E. and B. 714; Hahn v. Guardian Ins. Co., 23 Ore. 576.

Waiver and estoppel, as applied to insurance, are identical, and there can be no estoppel when the assured is not prejudiced by the act of the insurer. May on Insurance, Sections 505 and 507; Ripley v. Ætna Insurance Co., 30 N. Y. 164; Hahn v. Guardian Ins. Co., 23 Ore. 576; Dunning v. Mauzy, 49 Ill. 368; Robinson v. Penn. Ins. Co., 90 Me. 385; Stockhouse v. Barnston, 10 Ves. Jr. 466.

EDWARD J. WALSH, attorney for the Bauer Company, interpleader.

THORNTON & CHANCELLOR, attorneys for appellee, Hite.

' Denying liability on the policy, the company could not at the same time demand an appraisement. Hughes v. London, 4 Ont. 293; McInnes v. Western, 5 Ont. Pr. 242.

Denial of all liability waives proofs of loss and time to bring suit. Grange Mill Co. v. West. A. Co., 118 Ill. 396; Continental Ins. Co. v. Ruckman, 127 Ill. 364.

The refusal to pay the loss waives proofs of loss. Boyd v. Cedar Rapids Ins. Co., 70 Ia. 325.

Where the company places its refusal to pay the loss on

some alleged misconduct of the insured, this waives compliance with the other provisions.  Searle v. Dwelling House Ins. Co., 152 Mass. 263; Dietz v. Providence, 33 W. Va. 526; German Ins. Co. v. Gueck, 130 Ill. 345.

In order that an insurance company may avail itself of the arbitration clause of a policy, it must show that it admits the validity of the policy, and that the only question is as to the extent of the loss.  Mentz v. Armenia, 79 Pa. St. 478.  When the company denies all liability the appraisement clause is inoperative.  Lasher v. N. W. Ins. Co., 18 Hun, 98; German, etc., Ins. Co. v. Etherton, 25 Neb. 505; Wainer v. Milford, 153 Mass. 335; Pencil v. Home Ins. Co., 3 Wash. 485.

MR. JUSTICE HORTON delivered the opinion of the court.

This is a suit in attachment brought by Phill Chancellor against James Hite.  The appellant was summoned as a garnishee.  Judgment was entered against defendant, Hite.

By its answer as garnishee, appellant stated that it issued its fire insurance policy to said Hite, insuring household furniture; that the property insured was destroyed by fire; that it denied that the amount claimed by Hite was just and correct; that it demanded that the amount of loss be ascertained by appraisers under the provisions of the policy of insurance; that said Hite neglected and refused to join in such appraisal; that the loss was still unadjusted; and that appellant had received written notice from Julius Bauer & Co. that said Hite had assigned to them $365 of the amount due him on said policy.

Julius Bauer & Co. interpleaded, setting up their claim, but by reason of some adjustment between the parties, they are not interested in this appeal.

In appellant's abstract of the record in this case we find the following, being an abstract of a part of the testimony of Hite, and referring to the office of Mr. Wright, an adjuster employed by appellant to represent it in adjusting the claim made under said policy, viz.:

" I came there—I guess he kept me coming there every

other day for two weeks, and then one morning Mr. Barrett and I went there, and Mr. Wright went out in the other room and got his gun—his revolver—and laid it down on the desk. This took place at Mr. Wright's office on La Salle street; I don't know the number. He says : ' Hite, you burned that house down or know who did it, and we will never pay a dollar until we pay it at the end of the Supreme Court.' "

Again in the abstract of Mr. Hite's cross-examination we find the following, viz.:

" Mr. Wright went in and got a gun and brought it out and laid it down on his desk, and he got up and accused me of setting the house afire. As near as I can recollect it was a gun that broke in the back. I mean a revolver. He didn't point it at me. I and Barrett came there together. Wright was alone, as far as I recollect. His father came in a few minutes afterward."

This Mr. Wright was called as a witness by appellant. In the abstract of his direct examination is the following, viz.:

" I have heard him (Hite) testify on the stand both to-day and on Friday, and heard him testify concerning a conversation that took place in my office upon the occasion when he said I pulled a gun. I believe I remember the occasion; it was quite a while ago, and it was pretty hard to remember the exact facts; the exact times. I had several interviews with Mr. Hite." * * * " We had some words about it and I expressed my opinion that he set the house on fire. I never pulled a gun on him. I assume this occasion is the one that he has spoken of. To the best of my recollection I never had a gun. I certainly never pulled a gun on Mr. Hite or any other man."

" The Court: The question is, is it true that you did what he said ?

" A. I would not swear to that. It was so long ago I can not remember. I might possibly have had something of that kind in my desk, but I never used it or pulled it on anybody. I might have had it, but don't remember."

He was not cross-examined as to this. That was quite unnecessary.

We trust that this shows a very exceptional case of the conduct of an insurance adjuster. This one has a very

remarkable and discriminating memory. He swears positively that he did not say to Hite at this gun interview that the appellant would not pay any part of the loss claimed until defeated in the Supreme Court. He also states other details of that interview. But when asked by the court if what Hite stated as to the revolver was true, he said, "it was so long ago I can not remember. * * * I might have had it, but don't remember."

Assuming Mr. Hite's testimony as to the adjuster's conduct and statements to be true, that was a waiver of the right of appellant to demand an appraisal. If Hite set the house on fire, or caused that to be done, as charged by the adjuster, he was not entitled to collect or receive any sum whatever from appellant upon the policy in question. There was then no reason why an appraisal should be made. Appellant not being, in such case, liable to pay for the property destroyed, and having no interest therein, was not entitled to require an appraisal thereof. The two positions are inconsistent. That is to say, when the appellant denies any liability whatever it has no right to demand an appraisal of the property.

Upon what the adjuster based his statement that Hite burned the property, or caused it to be done, this record does not disclose. There is in the record no testimony justifying such a statement. In arriving at their verdict, the jury must have found, under the instructions of the court, that the testimony of Hite as to the adjuster's conduct and statements, was substantially true. We see no reason why this court should question the correctness of that finding.

Assuming, as we must upon the record before us, that the acts and statements by the adjuster who represented appellant in this matter, were substantially as testified to by Hite, then Hite was thereby excused from acceding to or complying with the demand of appellant afterward made, "that the matter of the amount of the loss and damage be submitted to appraisers."

When the adjuster stated to Hite that the company would "never pay a dollar until we pay it at the end of the Supreme

Court," in connection with his further statement that the company was not liable because Hite had himself burned the property, the adjuster thereby waived for the company all right to demand an appraisal. The position and statement by the adjuster was never withdrawn or receded from by or on the part of the company.

Mr. Hite made proof of loss to appellant after the interview with the adjuster when the revolver was produced, and the statements made by the adjuster above quoted from the record. After waiting the necessary length of time required by the policy this suit was commenced. Under the facts and circumstances appearing in this record, it is not a good defense on the part of the company to say that no appraisal was made as demanded by the adjuster.

It is urged by appellant that as the claim of Hite was not adjusted and was disputed by the company, that garnishment can not be sustained, because such claim is for unliquidated damages. We can not concur in this contention. Under the facts and circumstances of this case, the amount due from the company to Hite was subject to garnishment.

The policy in question is for the sum of $700. The verdict of the jury is for the sum of $450. The verdict of the jury must control as to the amount of the loss.

As to the numerous other points presented by the counsel for appellant, it is sufficient to say that we perceive no reversible error.

The judgment of the Superior Court is affirmed.