MARTHA MCGUIRE, In Equity, *vs.* MARY GALLAGHER, et als.

Cumberland.    Opinion December 7, 1904.

*Will.    Construction.    Life Estate.    Power of Sale.    Bond.*

The controlling rule in the exposition of wills to which all other rules must bend, is, that the intention of the testator, expressed in his will, shall prevail, provided it is consistent with the rules of law, and the entire will should be considered with a view to give effect, so far as the law allows, to its every provision.

The intention, as to any particular item in a will, is often aided and sometimes deduced from other provisions, and from the general scope and trend of the instrument.

The testator's will contains the following clauses :

"1st.  I give, bequeath and devise to my wife, Martha McGuire, during her life, all my property, real, personal and mixed, to be used by her according to her desire.

2nd.  After the death of my wife, I order and direct that all the property remaining be divided among my brothers and sisters then alive, and the direct descendants of any deceased brothers and sisters."

*Held:*  1st.  That the wife took a life estate in the entire property with a power of sale of any or all of it, real and personal, and the right to use the proceeds for her support and comfort, as she may desire.  If at her death any part of the original estate remains unchanged, or if sold by her, any part of the proceeds remains unexpended by her, such remainder goes to the brothers and sisters, and their descendants as provided in the second item.

2nd.  That as the testator requested that no bond be required by Mrs. McGuire, as executrix, there is no necessity for any bond from her in regard to the life estate.

Bill in equity.  Sustained.  Decree according to opinion.

On report.

Bill in equity brought by the widow of Bernard McGuire, late of Portland, and executrix of his will, for the construction of said will.

The case is stated in the opinion.

*James A. and William A. Connellan,* for plaintiff.

*L. M. Webb,* for defendants.

SITTING:  WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

STROUT, J.  In this bill the construction and effect of the following two clauses in the will of Bernard McGuire is sought:

"1st.  I give, bequeath and devise to my wife, Martha McGuire, during her life, all my property, real, personal and mixed, to be used by her according to her desire.

2nd.  After the death of my wife, I order and direct that all the property remaining be divided among my brothers and sisters then alive, and the direct descendants of any deceased brothers and sisters."

The testator's estate consisted of real estate appraised at..... ..... ............... ........... $1200.00
and personal........................·.................... 1472.63

Out of this, of course, any debts he may have owed and funeral expenses and costs of administration must be paid.

The testator intended to provide for the support and comfort of his wife. All of his personal, except ten dollars, was in a savings bank, drawing less than four per cent interest. By a liberal estimate of income from the real estate, the total annual income from the whole estate would not exceed one hundred and thirty dollars, — probably would be less. From this taxes must be deducted. The net income, therefore, was insufficient for the support of the widow. With this condition of the estate in his mind, he made his will.

The controlling rule in the exposition of wills, to which all other rules must bend, is, that the intention of the testator, expressed in his will, shall prevail, provided it is consistent with the rules of law. *Shaw* v. *Hussey*, 41 Maine, 497. The entire will should be considered with a view to give effect, so far as the law allows, to its every provision. The intention, as to any particular item, is often aided and sometimes deduced, from other provisions, and from the general scope and trend of the instrument.

It remains to apply these rules to this will.

By the first article he gave his wife all his property during her life. No distinction between real and personal estate is made. If he intended only a life estate, he would have stopped there, — no other words were necessary or suitable. But he added, — "to be used by her according to her desire." Something was intended by this language, and something more than a mere user of a life estate, as such. The language is without meaning, if only a life estate was given, as it added nothing to the bequest, nor qualified it.

The term "to use" is defined by Webster among other definitions, as "to make use of, — to convert to one's service, — to avail one's self of, — to put to a purpose, as to use flour for bread."

The income of the estate being manifestly insufficient for her support, it is a legitimate, almost necessary inference, that he intended her "to use" not only that income, but the corpus of the estate, for her comfort, as she desired. The language being general, must be deemed to apply to the real as well as to the personal estate.

A power of sale is often implied, though not given in express terms. Thus in *Shaw* v. *Hussey*, supra, where one item of the will gave all the property to the wife during her life, and a subsequent article pro-

vided that at the decease of the wife "all my real estate that may remain unexpended by her" be divided, this Court held that the wife had a power of sale of the real,—notwithstanding a subsequent article in express terms made all the personal property subject to the disposal of the wife by will or otherwise, and made no mention of real estate.

By the gift she did not take an absolute title, but she did take a life estate in the entire property, with a power of sale of both real and personal, "according to her desire," and the right to use any portion or all of it for her support and comfort. If at her death anything remains, either of the original estate or its proceeds, that residue will pass under the second item of the will to the beneficiaries therein named.

If anything was needed to strengthen this conclusion it is furnished by the second item in the will, which directs the disposition of "the property remaining" at the death of his wife,— a plain implication that the corpus of the estate was likely to be diminished during her life. The language is general, as in the first item, applying to real and personal both. There is no devise over of the real estate, or any specific part of the personal. The language is equivalent to the phrase,—if anything of this estate remains at her death, it is to go over. *Harris* v. *Knapp,* 21 Pick. 412. In that case the devise over was of "whatever shall remain," and the Court said that those words "necessarily mean that portion of the property bequeathed, which shall be undisposed of at her decease; but there is no allusion in the will to any mode by which the sum thus given is to be diminished, except the disposition thereof to be made by Mrs. Harris; and therefore the implication is irresistible that she had a power to make such disposition." That case is on all fours with the present. So held also in *Ramsdell* v. *Ramsdell,* 21 Maine, 288, and *Scott* v. *Perkins,* 28 Maine, 22.

The testator requested that no bond be required of Mrs. McGuire, as executrix, and there is no necessity for any bond from her in regard to the life estate.

*Decree in accordance with this opinion.*