(No. 21138.—)

PETER TREOLO, Appellee, vs. THE IROQUOIS AUTO INSUR-
ANCE UNDERWRITERS, Appellant.

*Opinion filed February 19, 1932—Rehearing denied April 12, 1932.*

DUNN and DEYOUNG, JJ., dissenting.
JONES, J., took no part.

MANN & COLEMAN, and SHELBY E. HOOD, (O. D.
MANN, of counsel,) for appellant.

HINCHCLIFF, MILLER & THOMAS, for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

Peter Treolo brought an action of trespass on the case
against the Iroquois Auto Insurance Underwriters (herein
called the company) in the circuit court of Winnebago
county. The suit was based upon a policy of insurance,
whereby, among other provisions, the company undertook

to protect Treolo against loss growing out of personal injuries to others because of the operation of the insured's automobile. Two judgments had been obtained against Treolo, one by Rose Artino for $6000 and the other by Alfio Artino for $1350. These judgments were not paid by the company, although they arose from a liability incurred by Treolo when the two were riding in his automobile. The company filed a plea of general issue and also special pleas, wherein it was alleged that the company was not liable under the policy issued to Treolo because the accident occurred while the automobile was being driven by Treolo when he was under the influence of intoxicating liquor. It was further alleged that at the time the accident occurred Treolo violated another term of the policy by using his automobile for the transportation of intoxicating liquor contrary to law. The court instructed the jury that there was not sufficient evidence to sustain the issue in the insurance company's plea concerning the use of the automobile in transporting intoxicating liquor, and the jury were instructed to disregard all of the evidence in regard to the transportation and not to consider it in arriving at their verdict. The jury returned a verdict for Treolo assessing his damages at $6000. Motions for a new trial and in arrest of judgment were overruled and an appeal was taken to the Appellate Court. The Appellate Court affirmed the judgment of the circuit court and granted a certificate of importance, by means of which the case is before us for review.

The principal errors assigned and relied upon for reversal are, that the trial court erred in instructing the jury that the issue of the transportation of intoxicating liquor was not to be considered by them; and that further error was committed by the trial court in refusing to permit a jug of wine, introduced as defendant's "Exhibit 1," to go to the jury room.

Treolo, a resident of Rockford, drove his automobile to Chicago on March 16, 1928, for the purpose of bringing

his nephew and sister-in-law back to Rockford. While in Chicago Treolo purchased a large and varied stock of provisions to take home with him. He started back home the next day, with his nephew, sister-in-law and three little children in his automobile besides the provisions. On the return journey he had an accident. The automobile turned over two or three times and caught fire. All of the passengers were thrown out and received the injuries out of which the damage suits arose. The provisions, consisting of watermelons, muskmelons, carrots, cabbage, grapes, strawberries, dried fish, oranges, bananas, tomatoes, Swiss chard and a five-gallon can of olive oil were scattered in and about the wreckage of the car, and mixed in all this was a jug of wine commonly called "dago red." This jug was taken from the wreck by one of the defendant's witnesses and kept at his home until some eight months later, when a chemical test showed that its contents contained twelve and two-tenths per cent alcohol by volume. It is true that there is no evidence in the record that Treolo actually had intoxicating liquor in his automobile. When the wine was first seen it was outside of the automobile, mixed up with the bundles and packages of provisions which had been in the car. From the circumstances it is only fair to assume that the liquor was in the automobile at the time of the accident, and the appellee in his argument admits this to be a fact.

The particular part of the insurance policy over which the parties strongly differ is as follows: "General Exclusions. * * * The underwriters shall not be liable for claims on account of accidents occurring * * * while said automobile is being used for transporting intoxicating liquor," etc. From the pleadings and the evidence the ultimate question to be decided is, Was the automobile of Treolo being used for the transporting of intoxicating liquor? The question presented calls for an interpretation of the contract rather than a review of the evidence. Such inter-

pretation was for the trial judge and not for the jury. *Dunn* v. *Crichfield*, 214 Ill. 292.

Certain well settled rules of interpretation or construction govern the court when it construes an insurance contract. These rules apply to that form of insurance contract which is to protect the insured from personal liability for injuries suffered by others because of automobile accidents. The policy or contract of insurance is to be construed liberally in favor of the insured and strictly against the insurance company. (*Budelman* v. *American Ins. Co.* 297 Ill. 222.) By this is meant, that if there is doubt or uncertainty as to the meaning of the language employed in the contract of insurance and the language is reasonably susceptible of two meanings or interpretations, one of which is favorable to the insured and the other to the insurance company, the interpretation that favors the insured will be adopted. *Monahan* v. *Metropolitan Life Ins. Co.* 283 Ill. 136.

The question here arises over what meaning shall attach to the word "use" as applied to the automobile at the time of the accident. Webster's Dictionary defines the word "use" as an act of employing or state of being employed; to convert to one's service; to employ. (*Moore* v. *Transport Co.* 24 How. (U. S.) 37; *McGuire* v. *Gallagher*, 99 Me. 334, 59 Atl. 445; *Bastain* v. *State*, 175 N. Y. Sup. 564.) In the interpretation of the exclusion clause in this policy, "is being used for transporting intoxicating liquor," it is improper to consider the word "transporting" alone. Under the pleadings and proof the question of the lawfulness or unlawfulness of the transportation of intoxicating liquor does not arise. To adopt the contention of the company would be to place many holders of accident and personal liability policies in a position where they would be deprived of the protection they had purchased. Many automobile accidents arise through the unintentional violation of some municipal or State law regulating the use of the highways and the traffic thereon. To say that because an insured violates such regulatory laws which are merely

*malum prohibitum* and not *malum in se* is to place an unnatural or strained construction on the policy.

On the day of the accident Treolo was using his automobile for the purpose of transporting his relatives and the three little children from Chicago to Rockford. The evidence is clear that he had no other primary intention. It is equally clear that he was not, and had not been, engaged in the business of transporting intoxicating liquor. The record contains no evidence even remotely tending to show that Treolo was then engaged in using his automobile for the transportation of liquor. To say that the single, isolated instance of carrying a jug of wine should defeat the rights of Treolo under his policy would be a strained and most unreasonable construction of the exclusion clause. Whether such transportation was a violation of the Prohibition act is not before us.

No error was committed by the Appellate Court in affirming the ruling of the trial court refusing to instruct the jury, at the close of Treolo's evidence, to find for the company. Nor was error committed in affirming the trial court when it refused to instruct the jury to find for the company at the close of all of the evidence. There was such conflict in the evidence as warranted its submission to the jury for the ascertainment of disputed facts.

The contention of the company that the jury should have been allowed to take the wine into the jury room when it retired to deliberate upon its verdict is without merit. The wine was shown by the evidence to be of sufficient alcoholic content to be legally intoxicating. To allow the jury to take the wine to the jury room was neither required nor permissible.

Finding no error the judgment of the Appellate Court is affirmed. *Judgment affirmed.*

JUSTICES DUNN and DEYOUNG, dissenting.

Mr. JUSTICE JONES took no part in this decision.