Arthur E. Wold for Use of LeRoy D. Wegener, Administrator of the Estate of Warren G. Wegener, Deceased, Appellee, v. Glens Falls Indemnity Company, Appellant.

Gen. No. 35,757.

Opinion filed February 8, 1933.

RIDER & THUMA, for appellant; ROBERT BRANAND, JR., of counsel.

Jaffe & Green and Frank G. Levy, for appellee; Elmer M. Leesman and Jacob H. Jaffe, of counsel.

Mr. Justice Hebel delivered the opinion of the court.

This is an appeal from a judgment in the sum of $10,583.33 in favor of the plaintiff and against the defendant garnishee. Judgment was entered in a garnishment proceeding instituted by LeRoy D. Wegener, as administrator of the estate of Warren G. Wegener, deceased, in the name of Arthur E. Wold for the use of said plaintiff, against Glens Falls Indemnity Company, a corporation, as defendant garnishee. The trial was before the court, without a jury, and the question is whether the garnishee was indebted to the nominal plaintiff, Arthur E. Wold.

The pleadings consist of an affidavit and interrogatories. The garnishee filed an answer and an amendment thereto. In the amended answer the garnishee denied that it was indebted to Arthur E. Wold, but admitted that it issued a policy of insurance to Wold, wherein it agreed to indemnify him against liability for damages arising out of the use of a motor truck therein described and upon the terms and provisions contained in the policy; and alleged that at the time of the accident the motor truck was being used by Wold for purposes in violation of the conditions of the policy.

From the evidence it appears that on May 7, 1929, the defendant issued a certain policy of insurance to Arthur E. Wold, wherein, among other things, it agreed, in consideration of the premium specified and the schedule of declarations and compliance with the provisions therein set forth to indemnify Wold against liability.

"(1) to pay all sums which the insured shall become liable to pay as damages imposed by law on account of

"(a) Bodily injuries, including death, at any time resulting therefrom, to any person or persons . . . accidentally suffered by reason of the ownership, etc. of 'any automobile described in the Declaration.' . . . resulting from negligence in the operation of such motor vehicles described herein in the business of such owner, or otherwise."

The policy further provided:

"This policy does not cover while any automobile insured hereunder is being (4) used for any purpose other than specified in Declaration No. 9. . . ."

The declarations which are pertinent are as follows:

"4. Assured's occupation or business is contract hauling for Protection Products Co. only . . . ."

"9. The above described automobiles will not be rented or used to carry passengers for a consideration or used to tow or propel a trailer or vehicle used as a trailer, and the purposes for which they will be used are: . . .

"(b) Commercial vehicles—only as described in Declaration No. 4, including loading and unloading and incidental pleasure use for the named Assured's family except as follows: No exceptions."

A further condition of the policy is:

"O. Declaration. Declarations 1 to 11, inclusive, are made a part of this policy and are warranted by the Assured to be true."

On May 31, 1929, Arthur E. Wold, the assured, was operating the truck in question and ran into Warren Wegener, who died as a result of his injuries. After the accident, Wold notified G. A. Mavon & Company, the representatives of the defendant in the instant case, and was advised to get in touch with Arthur L. Ladd. Ladd, upon receipt of the notice of the accident, directed that an investigation be made. At the time of the accident Wold was driving the truck and had for delivery on this truck two packages which were received from the Protection Products Company, con-

signed to 4136 Grand avenue. After the receipt of these packages he proceeded to Kedzie and Lawrence avenues, upon receipt of word from his office regarding his other truck, and found when he reached the place above mentioned that the truck could not carry all that was to be loaded. Thereupon Wold loaded a counter and backshelves and a few other pieces on the truck that was being operated by him, to be delivered to Carpenter and Milwaukee avenues. After the loading of the fixtures, Wold then proceeded south on Kedzie to Grand avenue, for the purpose of making delivery of the two packages for the Protection Products Company. The accident happened at Berteau and Kedzie avenues.

In June, 1929, Wold received a letter from A. L. Ladd, representative of the garnishee defendant, in which the defendant denied that the policy covered the accident in question, because the assured did general hauling with the truck at the time of the accident.

The contention is made by the garnishee that the policy issued to Arthur E. Wold covered the motor truck while it was being used and operated in the business of contract hauling for the Protection Products Company only; that at the time of the accident in question the truck was being used by Wold for purposes which were in violation of the conditions of the policy; that the right of the plaintiff to recover was uncertain and contingent upon full compliance by Wold with the terms of the policy; and that it was not the intention of the legislators to substitute garnishee proceedings for common law right of action, and the garnishee defendant relies upon the case of *Shraiberg Mfg. Co. v. Boston Ins. Co.*, 246 Ill. App. 196, as decisive of the question now under discussion. The opinion of this court will be further discussed.

The garnishee had notice of the accident and of the suit against the assured, and upon an investigation made by the garnishee, the company denied liability.

In the original action the garnishee did not participate in the trial of the case of *LeRoy D. Wegener, administrator of the estate of Warren G. Wegener, deceased v. Arthur E. Wold,* for the injuries which caused the death of the deceased by reason of the negligent operation of the truck by Wold. The reason for its refusal to perform and participate in the trial was that the assured, Wold, was guilty of violation of the provisions of the policy and the amount to be recovered by the plaintiff against Wold was uncertain until the amount had been reduced to a certainty by a verdict of a jury and judgment entered by the court.

In the form of the action before this court on appeal, the beneficial plaintiff's demand arises from a judgment against Wold, and in a garnishment proceeding such as this one, the trial court is obliged to determine what, if anything, is due from the garnishee to Wold, under the terms of this contract. This action will lie even though liability is denied. *Glens Falls Ins. Co. v. Hite,* 83 Ill. App. 549; *Phelps v. Columbia Phonograph Broadcasting System, Inc.,* 255 Ill. App. 294.

The contract of indemnity is against loss by casualty, and is absolute upon the happening of the loss, provided there is no breach of the conditions of the policy by the assured. *Hanover Fire Ins. Co. v. Connor,* 20 Ill. App. 297.

The amount of the loss became fixed by the action of the beneficial plaintiff against Wold wherein judgment was entered which determined the liability of Wold. The amount of the judgment is certain; the contract of insurance is not disputed, and the only question is, Did the trial court err in finding that the garnishee defendant was indebted to Wold upon its contract? The garnishee repudiated its obligation by its failure to appear and take part in the defense of Wold in the original proceedings, and it is not now in a position to question the result of that action. The beneficial

plaintiff had the right to have the question of the indebtedness determined, and the amount due from the garnishee applied to the payment of the judgment, not because of any privity between the plaintiff and the garnishee defendant, but because of the right of the judgment creditor to have money due from the garnishee under the terms of the insurance contract existing between the parties applied to the payment of the judgment. *Kinnan v. Hurst Co.*, 317 Ill. 251. Under the facts and circumstances in the instant case the amount that may be due from the insurance company to the assured is subject to garnishment proceedings, although the liability is disputed.

The defendant in its brief makes the statement that the fact that the amount was fixed by the jury in the personal injury action against Wold had little or no bearing upon the question involved in this case, but that the liability of the defendant as garnishee to Wold, the assured, was measured by the terms of Wold's policy, and before there could be any recovery it was incumbent upon Wold to show himself within those terms. He was bound by the contract he made.

The policy of insurance issued by the defendant to Arthur E. Wold was in force at the time of the accident. The fact is that the assured, Wold, was hauling for the Protection Products Company at the time of the accident together with other goods hereinbefore mentioned. He started from the company's place of business after receiving several packages to be delivered for this company, and at the time of the accident was en route to make delivery for that company.

Certain provisions of the policy have a bearing upon the question of liability of the defendant insurance company, and one of the questions is, What was Wold doing at the time he was operating the motor truck? Was he engaged in his own business or otherwise, or was he only engaged in the business, as described in

the declaration, of contract hauling for Protection Products Co. only?

These provisions are somewhat contradictory. In the one instance the assured is protected if he operates the truck in his own business or otherwise, and then again he is limited in the use of the motor truck to business purposes of the Protection Products Co.

This court in the case of *Shraiberg Mfg. Co. v. Boston Ins. Co., supra,* made use of this language:

"In the case at bar the answer sets out matters of defense under the policies, namely, that the right to recover had been forfeited because of the false representations, and these, if true, would amount to a good defense in an action by a judgment debtor and the garnishee. Moreover, the amount of the loss was unliquidated and the garnishee had the right to have this question as well as any other questions of liability under the policy settled in a proper action between the garnishee and the judgment debtor."

This court still adheres to what was said in that case, and the rule thus stated applies in the instant case, that is, if Wold breached the contract provisions, it would be a good defense to an action by the judgment debtor and the garnishee, and that would apply to the action of the judgment creditor against this defendant. The amount of the loss in the *Shraiberg Mfg. Co.* case was not ascertained. The significant fact in the instant case is that the liability of Wold was ascertained and the amount of damages established, so that the judgment creditor by this action is in a position to ascertain if anything was due under the terms of the insurance policy from the garnishee to Wold. The rule in this State is that a judgment creditor by garnishment proceedings may recover only such indebtedness as his debtor might recover in an action of debt or in an action in assumpsit against the defendant, Glens Falls Indemnity Company, and the

rule is no different where the indebtedness is denied by the garnishee, as in the instant case. The burden to establish such liability is upon the plaintiff.

In the instant case the beneficial plaintiff recovered a judgment against Arthur E. Wold, and the question arises, Is the garnishee indebted to the judgment debtor upon a policy of insurance? In the action before us the garnishee denied that it was indebted to the judgment debtor. The burden therefore is upon the plaintiff to establish that the garnishee insurance company is indebted to the judgment debtor, which indebtedness if established is to be applied in payment of the judgment.

From an examination of the policy we find that the insurance company insured Wold against liability for damages to persons arising out of the operation of the motor truck described in the policy, while being used "in the business of such owner or otherwise." There is also included in the declaration, which is made a part of the policy, the provision that the assured's occupation "is contract hauling for the Protection Products Company only." The use of the general term first mentioned by the court would indicate that the assured is to be protected by the insurance company from liability resulting from the operation of the truck, and consequent injury to a person, while being used in the assured's business. Did the statement by the insurer in the declaration so modify the terms of liability as to restrict this liability to accidents to persons occurring while the truck was being operated in the hauling of goods for the Protection Products Company? In construing the provisions they are to be construed most favorable to the assured, and the court is to adopt such construction as will give effect to the contract, rather than a construction which will defeat the purposes of the policy. It was clearly the purpose of the insurance contract to protect the in-

sured from personal liability for injuries suffered by others because of automobile accidents resulting from the operation of the truck. *Treolo v. Iroquois Auto Ins. Underwriters,* 348 Ill. 93.

This contract of insurance is susceptible to two meanings, one of which is the more reasonable meaning and is to the effect that there is a duty of the insurer to protect the assured, according to its insurance agreement, against personal liability for injuries caused to others while engaged in the trucking business, rather than to adopt the limited construction that the liability of the insurer is only for such accidents as may occur while the assured is engaged in hauling for the Protection Products Co. under contract.

It may be said in passing that Wold was not engaged in the business of general hauling in the use of the truck. The record contains no evidence that tends to show that Wold was using the automobile in general transportation business, and to say that a single isolated instance of carrying other goods than those of the Protection Products Co. would defeat the rights of Wold under his policy, would be a strained and unreasonable construction of the exclusion clause. *Treolo v. Iroquois Auto Ins. Underwriters,* 348 Ill. 93.

We have considered the questions which were called to our attention in this case, and are of the opinion that there is no such error as would justify a reversal. The judgment entered by the trial court is accordingly affirmed.

*Judgment affirmed.*

WILSON, P. J., and HALL, J., concur.