# W. R. STEPHENS COMPANY v. W. E. HAVELAND AND OTHERS.[1]

May 2, 1952.

Nos. 35,589, 35,627.

[1]Reported in 53 N. W. (2d) 220.

*Clarence O. Holten, James S. Eriksson,* and *Cummins, Cummins & Hammond,* for plaintiff appellant.

*J. A. A. Burnquist,* Attorney General, *George B. Sjoselius,* Deputy Attorney General, *Charles P. Stone* and *Joseph S. Abdnor,* Assistant Attorneys General, *James F. Lynch,* County Attorney, and *Robert G. Flynn,* Assistant County Attorney, for defendant appellants.

THOMAS GALLAGHER, JUSTICE.

Action against the taxing authorities of Ramsey county for a declaratory judgment determining the rights and obligations of plaintiff under M. S. A. c. 168.

Plaintiff is a dealer in new and unused motor vehicles with a place of business in St. Paul. On May 1, 1950, it had in its possession, solely for the purpose of sale to its customers, 11 new Buick automobiles, hereinafter referred to as items Nos. 1 to 11.

Between April 21, and April 28, 1950, plaintiff, in its own name, listed and registered with the secretary of state, paid the license fees, and obtained license plates for items Nos. 1, 2, 3, 6, 7, 8, 9, 10, and 11. Item No. 4 was registered and the motor vehicle tax paid by plaintiff in the name of a prospective purchaser. Item No. 5 was purchased by plaintiff on April 28, 1950, from another dealer with Minnesota license plates already purchased and affixed thereto by the vendor.

Items Nos. 1, 2, 3, 6, 7, 8, 9, and 10, without license plates of any kind, were driven a distance of approximately one block during the course of an unloading operation prior to May 1, 1950. Item No. 4 was driven from plaintiff's place of business in St. Paul to its place of business in Minneapolis prior to May 1, 1950, with license plates issued therefor affixed thereto and without dealer's plates. Item No. 5 was driven from Stillwater to Minneapolis on April 28, 1950, with license plates previously purchased affixed thereto and without dealer's plates. Items Nos. 1 to 10 were driven as described for purposes incidental to the usual and customary operation of plaintiff's business. Item No. 11 was not driven upon the public streets or highways at any time prior to May 1, 1950.

On May 1, 1950, defendant taxing authorities of Ramsey county required plaintiff to list items Nos. 1 to 11 as personal property belonging to it and in its possession on May 1, 1950, for the purpose of subjecting them to taxation as personal property under M. S. A. c. 273. In contesting this, plaintiff asserts that on May 1, 1950, such items were motor vehicles using the state's public streets and

highways within the meaning of Minn. Const. art. 16, § 3,[2] and M. S. A. 168.013, subd. 1,[3] and 168.28,[4] and hence not subject to taxation as personal property under M. S. A. c. 273.

[2]Minn. Const. art. 16, § 3, provides:

"The legislature is hereby authorized to provide, by law, for the taxation of motor vehicles, using the public streets and highways of this state, on a more onerous basis than other personal property; provided, however, that any such tax on motor vehicles shall be in lieu of all other taxes thereon, * * *."

[3]M. S. A. 168.013, subd. 1, provides:

"Motor vehicles, except as set forth in section 168.012, using the public streets or highways in the state, shall be taxed in lieu of all other taxes thereon, * * * as follows:" (here are set forth applicable taxation rates to passenger motor vehicles of various weights).

[4]M. S. A. 168.28 provides:

"Every motor vehicle * * * shall be deemed to be one using the public streets and highways * * * if such motor vehicle has since April 23, 1921, used such public streets or highways, or shall actually use them, or if it shall come into the possession of an owner other than as a manufacturer, dealer, warehouseman, mortgagee or pledgee. *New and unused motor vehicles in the possession of a dealer solely for the purpose of sale,* and used or second-hand motor vehicles which have not theretofore used the public streets or highways of this state which are in the possession of a dealer solely for the purpose of sale and which are duly listed as herein provided, *shall not be deemed to be vehicles using the public streets or highways. The driving or operating of a motor vehicle upon the public streets or highways of this state by a motor vehicle dealer or any employee of such motor vehicle dealer for demonstration purposes or for any purpose incident to the usual and customary conduct and operation of his business in which he has been licensed under section 168.27 to engage, or solely for the purpose of moving it from points outside or within the state to the place of business or storage of a licensed dealer within the state or solely for the purpose of moving it from the place of business of a manufacturer, or licensed dealer within the state to the place of business or residence of a purchaser outside the state, shall not be deemed to be using the public streets or highways in the state* within the meaning of this chapter or of the Constitution of the State of Minnesota, Article 16, and shall not be held to make the motor vehicle subject to taxation under this chapter as one using the public streets or highways, if during such driving or moving the dealer's plates herein provided for shall be duly displayed upon such vehicle." (Italics supplied.)

The trial court determined that on May 1, 1950, items Nos. 1 to 10 were motor vehicles using the state's public streets and highways and hence subject to taxation as motor vehicles only under § 168.013; and that on May 1, 1950, item No. 11 was not a motor vehicle using the state's public streets and highways and hence was subject to the personal property tax provided for under M. S. A. c. 273 and § 168.013, subd. 5.

Defendants moved for amendment of the findings and conclusions or in the alternative for a new trial, and appeal from the order denying their motion for a new trial. In effect, they challenge as error the trial court's conclusions with reference to the status for tax purposes of items Nos. 1 to 10 above described.

Plaintiff appeals from the judgment entered and charges as error the court's conclusion with reference to the status for tax purposes of item No. 11. The two appeals have been consolidated for review here.

It is plaintiff's principal contention on appeal that the statutory exemption from the motor vehicle tax provided for under § 168.28, which would otherwise be applicable to items Nos. 1, 2, 3, 6, 7, 8, 9, and 10, did not apply to them, since prior to May 1, 1950, they had been driven on the streets without dealer's license plates attached. In connection therewith, it directs attention to the closing provision of § 168.28, which provides that vehicles of this type shall not be deemed using the public streets if, during such driving or moving, "the dealer's plates herein provided for shall be duly displayed upon such vehicle."

The reasons for not attaching the dealer's license plates during the unloading operation above described involving these eight cars is contained in the testimony of Mr. Vernon Conaway, plaintiff's treasurer, as follows:

"Q. Did any of these ten cars bear any license plates of any kind between the time they were taken' off the transport and into the door of your warehouse?

"A. [Mr. Conaway] I would say no. There would be no reason to put license plates on them.

"Q. And that practice of no license plates was in effect from April or May, 1946?

"A. That is right.

"Q. And is still in effect?

. . "A. That is right. We could technically comply with the law by our having our dealer plate there and hooking it on to the automobile until we get it into the warehouse, but they don't actually do that."

Plaintiff's omission in this respect, it is asserted, made these cars subject to the motor vehicle tax which plaintiff accordingly became obligated to and did pay prior to May 1, 1950, thereby exempting them from the personal property tax covered by M. S. A. c. 273 and § 168.013, subd. 5.

■ Reference to legislative enactments under Minn. Const. art. 16, § 3, to wit, M. S. A. 168.013, subd. 1, and 168.28, above referred to, makes it obvious that thereby the legislature intended a definite plan for the taxation of new and unused motor vehicles in the possession of a dealer. It is clear therefrom that by such legislation it was intended that a car held by a dealer solely for the purpose of sale was not to be subjected to the motor vehicle tax, even though it were driven on the public streets or highways by the dealer for "demonstration purposes or for any purpose incident to the usual and customary conduct and operation of his business" or "solely for the purpose of moving it from points outside or within the state to the place of business or storage of a licensed dealer within the state * * *." § 168.28. Under § 168.013, subd. 5, if such a vehicle were not sold prior to May 1 of any year, it became subject to the personal property tax on the basis of 33 1/3 percent of its value. If sold subsequent to May 1, so that the new owner became subject to the motor vehicle tax under § 168.013, subd. 1, a reduction or abatement of the personal property tax previously paid could be claimed by the dealer. § 168.013, subd. 5.

These statutory enactments are clear and unambiguous and make plain the legislative intent as above described. It is our duty to give effect to them. Nordling v. Ford Motor Co. 231 Minn. 68, 42

N. W. (2d) 576; Stabs v. City of Tower, 229 Minn. 552, 40 N. W. (2d) 362.

■ On May 1, 1950, the automobiles now involved were new cars in the possession of plaintiff, a licensed automobile dealer, for the purpose of sale and driven on the public streets only for the purpose of storage in plaintiff's warehouse or to its place of business for sale. As such, it would seem clear that they fell within the legislative classification exempting motor vehicles of their type from the motor vehicle tax under the statutes quoted, and hence that they were subject to the personal property tax under M. S. A. c. 273 and § 168.013, subd. 5.

■ Item No. 11 had been licensed on April 28, 1950, under the motor vehicle tax law (M. S. A. c. 168). Plaintiff acquired it for the purpose of sale. At no time had it been used on the state's public streets or highways prior to May 1, 1950. It was later sold to a customer. On May 1, 1950, therefore, it was definitely within the classification covered by the specific language of § 168.28 as a new and unused motor vehicle in the possession of a dealer solely for the purpose of sale. As such, it was not subject to the motor vehicle tax, and defendants were correct in requiring its listing and assessment for tax purposes under M. S. A. c. 273. State ex rel. Byers-Prestholdt Motor Co. Inc. v. Minnesota Tax Comm. 178 Minn. 300, 227 N. W. 43.

■ With respect to items Nos. 1, 2, 3, 6, 7, 8, 9, and 10, we must determine whether plaintiff's omission to attach dealer's license plates thereto during their short drive of approximately one block from the trailer truck, in which they had been transported, to plaintiff's warehouse constituted using the public streets and highways so as to make them subject to the motor vehicle tax. Attention is again directed to the fact that § 168.28 specifically provides that the described usage does not constitute such a use of the public highways as to make a car thus employed subject to the motor vehicle tax. If a distinction is to be made as to these items, then it must be only because dealer's license plates were not affixed thereto while thus in use.

Reference to § 168.27, subd. 6, covering dealer's license plates, is convincing that such plates are not required for tax revenue but rather for identification purposes. This section provides:

"Every licensed dealer in motor vehicles may make application * * * for a *general distinguishing number for use upon all new motor vehicles being transported* from the dealer's * * * place of storage, to his place of business, or to another place of storage, * * *." (Italics supplied.)

We do not feel that plaintiff's omission to abide by the statutory requirements of § 168.27 on the described occasions changed the classifications of these cars or resulted in a more favorable tax status for plaintiff than otherwise would be applicable. Nor would it follow that if plaintiff chose voluntarily to pay the motor vehicle tax on such cars when not required to do so its actions would have the effect of changing their otherwise clearly defined designations. The law makes no provision for such an election. Mr. Conaway's testimony makes it obvious that plaintiff's omission to affix the plates was not because of an intent on its part to subject these vehicles to the motor vehicle tax as ordinary users of the public highways. Rather, it indicates that the plates were omitted because they were not considered necessary for a drive of this short distance for the described purposes.

It has frequently been held in other jurisdictions that a single instance or insignificant occurrence does not constitute "use" within the statutory construction. Commonwealth v. Patterson, 138 Mass. 498; Maringer v. Bankers Ind. Ins. Co. 288 Ill. App. 335, 6 N. E. (2d) 307; Treolo v. Iroquois Auto Ins. Underwriters, 348 Ill. 93, 180 N. E. 575. We agree with this definition and hold in the instant case that on May 1, 1950, items Nos. 1, 2, 3, 6, 7, 8, 9, and 10 fell definitely within the exemption from the motor vehicle tax provided for by § 168.28, and hence that they were subject to taxation as personal property within the state.

■ With reference to items Nos. 4 and 5, the record discloses that these cars were driven, one from Stillwater to Minneapolis

and the other from St. Paul to Minneapolis, with motor vehicle licenses attached which had been purchased prior to plaintiff's acquisition of the cars. However, prior to May 1, 1950, they had not as yet been sold and delivered to owners intending to use them on the public streets and highways. They were held for sale by plaintiff and sold by it to customers as new and unused motor vehicles subsequent to May 1, 1950, in spite of the incidental driving above described. Since it is clear that the described usage was purely incidental to plaintiff's business, and that on May 1, 1950, these two cars were held by plaintiff as new cars for the purpose of sale, it must follow that under the rules above referred to § 168.28 became applicable, and hence that the cars were subject to taxation as personal property.

■ Since the merits of this controversy have been decided by the foregoing, there is nothing to be gained by extending the opinion to a discussion or a determination of the issue presented on the court's orders sustaining the separate demurrers of the attorney general and the commissioner of taxation, originally made parties to these proceedings.

The judgment of the trial court is affirmed as to item No. 11 and the order reversed as to items Nos. 1 to 10, inclusive, and the case remanded for proceedings in compliance herewith.