The CITY OF RAMSEY, Respondent,

v.

AMUSEMENT CENTER, INC.,
et al., Appellants.

No. C9-92-1816.

Court of Appeals of Minnesota.

March 23, 1993.

William K. Goodrich, Thomas M. Fitzpatrick, Randall, Dehn & Goodrich, Anoka, for respondent.

Randall D.B. Tigue, Minneapolis, for appellants.

Considered and decided by NORTON, P.J., and SHORT and and KLAPHAKE, JJ.

## OPINION

SHORT, Judge.

This case involves the application of a city ordinance requiring removal of viewing booth doors in adult bookstores. On appeal from the trial court's order compelling closure of an adult bookstore pending its compliance with the ordinance, the bookstore and its owner argue the trial court ignored the plain language of the ordinance. We disagree and affirm.

## FACTS

Larry Holmberg's The Amusement Center, Inc. (bookstore) sells adult magazines,

books, videos and devices. The bookstore also has eighteen booths in which patrons can watch rented videos. All the booths, except one, are approximately three feet wide by three to four feet deep. One booth is double-sized. Each booth is equipped with: (a) a television set shielded by plexiglass, (b) a coin drop machine where tokens are inserted for operation of the television, (c) a channel selector for choosing the video; and (d) a chair. Until 1991, each booth had a full-size, solid door at its entrance, with an opening above each door extending to the ceiling. Some of the booths had three-inch holes at waist height cut into the walls to adjoining booths. There were also several eye-level peepholes in the booth adjacent to the double booth. The lighting in the booths and adjacent common areas was low.

In 1991, the City of Ramsey, Minnesota (city) notified the bookstore it was in violation of an ordinance regulating premises conducive to high-risk sexual conduct. *See* Ramsey, Minn., Ordinance No. 91–14 (Sept. 2, 1991) (amending chapter 5 of the Ramsey City Code to regulate premises conducive to high-risk sexual conduct). The bookstore's attorney demanded a hearing on the alleged violations. After a full evidentiary hearing, an administrative law judge (ALJ) recommended the bookstore: (a) eliminate the waist high holes between booths because those openings facilitate sexual activity; (b) remove the doors from the viewing booths so that at least one side is open to the adjacent public room; and (c) increase the lighting inside the booths so persons in the booths are visible from the adjacent public room. The city accepted and adopted the ALJ's findings of fact, conclusions and recommendations, and ordered the bookstore to take the specified corrective measures. The bookstore did not appeal that decision.

The bookstore filled the holes in the walls and turned up the lights. With respect to the viewing booth doors, the bookstore cut a two-inch peephole into each door and cut 18 inches off the top and bottom of each door. After making these changes, the bookstore believed it was in compliance with the ordinance and the

city's decision. The city disagreed and brought a motion for injunctive relief to permanently close the bookstore, or in the alternative, to compel closure until the bookstore was in compliance with the ordinance. After a hearing, the trial court found the bookstore was in compliance as to the lighting and waist high holes between the booths. However, the trial court concluded the bookstore did not comply with the ordinance or the city's decision in that it had failed to remove the doors from the viewing booths. Accordingly, the trial court ordered the bookstore closed pending its compliance with the ordinance. *See* Ramsey, Minn., City Code § 5.15.04(2)(d) (1991) (authorizing injunctive relief). This appeal followed.

## ISSUES

I. Did the bookstore waive its right to object to having to remove the doors because it failed to appeal the ALJ's decision?

II. Are the trial court's findings of fact clearly erroneous?

III. Is the injunction based on an error of law?

## ANALYSIS

The granting of a permanent injunction generally rests within the trial court's sound discretion, and we will not set aside its action on appeal unless, based on the entire record, it appears the trial court has abused its discretion. *Cherne Indus., Inc. v. Grounds & Assocs.*, 278 N.W.2d 81, 91 (Minn.1979).

### I.

The city argues the bookstore waived its right to object to being required to remove the current closure devices (modified solid doors with two-inch peepholes and eighteen-inch cutaways at both top and bottom) from the video booths by failing to seek judicial review of the ALJ's decision. *See* Minn.Stat. §§ 14.63–.68 (1990) (judicial review of a contested case decision). We disagree. The ALJ found the bookstore's booths with their original closure devices

(solid doors) did not have one side open to an adjacent public room and concluded the area inside the booths was not visible to persons in the adjacent public room. Based on that finding and the ALJ's conclusions, the city ordered the bookstore to remove the original doors in order to comply with its ordinance. *See* Ramsey, Minn., City Code § 5.15.03(2)(b) (1991) ("Booths * * * shall have at least one side open to an adjacent public room so that the area inside is visible to persons in the adjacent public room.").

The bookstore did not appeal the city's decision. Instead, the bookstore took prompt steps to comply with the city's order. In fact, the trial court specifically found the bookstore complied with the city's decision as to lighting and the holes between booths. The issue before us, therefore, is not waiver, but whether the bookstore's subsequent corrective steps made the area inside its booths visible to persons in adjacent public areas within the meaning of the ordinance, as recommended by the ALJ and adopted by the city.

## II.

■ In reviewing a grant of injunctive relief, we may not set aside the trial court's findings of fact unless they are clearly erroneous. *Cherne*, 278 N.W.2d at 88. In order to overturn the trial court's findings, we must be left with the definite and firm conviction that a mistake has been committed. *Greer v. Kooiker*, 312 Minn. 499, 507, 253 N.W.2d 133, 139 (1977).

■ The trial court found the bookstore did not comply with the city's decision because the doors from the viewing booths have not been removed so that at least one side is open to an adjacent public room, rendering the area inside the booth visible to persons in the adjacent public room. The bookstore argues there is not a "scintilla of evidence" that its modifications failed to make the original doors transparent. We disagree. The record demonstrates: (a) each video booth has three walls and a modified closure device; (b) the closure device is a solid door with a two-inch peephole; (c) the closure device is full-

sized, except 18 inches have been cut away from the top and bottom; and (d) the closure device has a lockable door handle. Under these facts, the trial court's factual finding that the viewing booth closures prevent persons in the public room from viewing the inside of the booths is supported by the record.

## III.

■ The bookstore also argues the trial court's order requiring it to remove the doors from the viewing booths is based on a misinterpretation of the ordinance's language. We disagree. Section 5.15.03(2)(b) prohibits:

[b]ooths, stalls, or partitioned portions of a room, or individual rooms, used for the viewing of motion pictures or other forms of entertainment, having doors, curtains or portal partitions, unless such booths, stalls, partitioned portions of a room, or individual rooms so used shall have at least one side open to an adjacent public room so that the area inside is visible to persons in the adjacent public room.

Ramsey, Minn., City Code § 5.15.03(2)(b) (1991). The ordinance also defines the phrases "door" and "open to an adjacent public room:"

(4) The phrase "doors, curtains or portal partitions" means full, complete, non-transparent closure devices through which one cannot see or view activity taking place within the enclosure.

(5) The phrase "open to an adjacent public room so that the area inside is visible to persons in the adjacent public room" means either the absence of any "door, curtain or portal partition" or a door or other device which is made of clear, transparent material such as glass, plexi-glass or other similar material meeting building code and safety standards, which permits the activity inside the enclosure to be viewed or seen by persons outside the enclosure.

Ramsey, Minn., City Code § 5.15.02(4), (5) (1991). A two-inch peephole does not make a solid door transparent or permit activity

inside the booth to be viewed from outside. Further, eighteen-inch cutaways from the top and bottom of a solid door neither render the door transparent nor allow viewing into the booth from the public area outside.

We do not view the trial court's order as requiring the removal of all closure devices. The order enjoins the bookstore's operation until the modified doors are removed. The trial court did not rewrite the ordinance or impose an additional requirement on the bookstore. The ordinance is unusually clear. The bookstore's modified doors violate the clear language and intent of the city's ordinance. *See W.R. Stephens Co. v. Haveland*, 236 Minn. 430, 435, 53 N.W.2d 220, 223 (1952) (where enactment is clear and unambiguous and makes plain the legislative intent, it is the court's duty to give it effect).

In its statement of the case, the bookstore also raises an issue regarding the ordinance's constitutionality. An identical ordinance has been held to be narrowly tailored to serve a legitimate municipal concern regarding the spread of acquired immune deficiency syndrome through high-risk sexual practices. *Doe v. City of Minneapolis*, 693 F.Supp. 774, 784 (D.Minn. 1988), *aff'd*, 898 F.2d 612 (8th Cir.1990). Because the challenged ordinance in *Doe* was content-neutral and served a legitimate government objective, and the government interest (curtailing the spread of disease) was unrelated to suppression of free expression, the ordinance did not violate the First Amendment. *Id.* at 780–81. By failing to brief or argue this issue, the bookstore has abandoned any constitutional challenge to the City of Ramsey's ordinance as written or applied. *Balder v. Haley*, 399 N.W.2d 77, 80 (Minn.1987).

## DECISION

The trial court's conclusion that the bookstore's modified viewing booth doors violate the city's ordinance was not based on either erroneous findings of fact or any clear error on an issue of law. Accordingly, the trial court did not abuse its discretion in granting injunctive relief.

**Affirmed.**