# FREDERICK WILHELMI

## *v.*

# FREDERICK HAFFNER.

1. GARNISHMENT. Where a garnishee in an attachment suit answered that he had given the defendant in the attachment his promissory note, had last seen it in his possession prior to the service of the garnishee process, but had since been told by him that he had sold it before the service, and the note had since been presented for payment by another party claiming to own it, it was held *prima facie* that he would not be liable as garnishee.

2. BURDEN OF PROOF. The garnishee in such case could not be required to prove the validity of the assignment of the note, or to swear to it, as it was not a fact within his knowledge. If the transfer of the note was not in good faith it would devolve upon the plaintiff in attachment to show that fact by proper proof. Plaintiff could make an issue on that question and the garnishee could notify the holder of the note to appear and defend his title.

WRIT OF ERROR to the Circuit Court of LaSalle county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

This is a case where George Gleim brought an attachment suit in the court below against Frederick Wilhelmi, and Frederick Haffner was served with process as garnishee. The facts sufficiently appear in the opinion.

Mr. D. P. JONES, for the plaintiff in error.

Messrs. BULL & FOLLETT, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In this case, the answer of the garnishee was not excepted to for insufficiency, or in any way controverted, and he was properly discharged. It states all the facts of which he would

probably be cognizant, which were, simply, that he had given the defendant in the attachment a note; had last seen it in his possession before the garnishee process was served; had been told by him he had sold it before the service, and it had been since presented to him for payment by one Hoage, who claimed to own it. He could not be required to prove the validity of the assignment or to swear to it, as it was not a fact within his knowledge, or with which he had any concern. He was required to state whether he owed the defendant in the attachment. He stated the facts within his knowledge from which the presumption would be, he did not owe him. If the transfer of the note was not in good faith, it was for the plaintiff to show that fact by proper proof. The plaintiff could have made up an issue upon this question if he had desired, and the garnishee could have notified the holder to appear and defend his title.

*Judgment affirmed.*