## The Cairo and St. Louis Railroad Company

*v.*

## John Killenberg.

1. Evidence—*justice's transcript.* On the trial of an appeal from a justice of the peace in a proceeding against a garnishee, the transcript of the proceedings before the justice is not competent evidence to show an indebtedness from the garnishee.

2. Garnishment—*indebtedness must be shown.* Where a garnishee denies being indebted to the debtor in attachment, it is error to render judgment against him without proof of his indebtedness, and a stipulation that if the court finds for the plaintiff the judgment shall be for a given sum, is no evidence of the garnishee's indebtedness.

Appeal from the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.

This was a suit originating before a justice of the peace, and taken by appeal to the circuit court. On the trial of the garnishee proceeding, the defendant appeared before the justice and denied indebtedness to Avery. In the circuit court the garnishee appeared by attorney and denied the alleged indebtedness.

Messrs. Judd & Whitehouse, for the appellant.

Mr. W. Winkelman, for the appellee.

Mr. Justice Mulkey delivered the opinion of the Court:

Appellee, on the 28th of August, 1875, sued out an attachment before a justice of the peace against Daniel Avery. The writ of attachment was returned served upon appellant as garnishee of Avery.

On the 2d of September following, being the return day of the attachment, there being no personal service on Avery, the cause was continued to the 17th, and notices of the pendency of the attachment were posted up as required by law. On the 17th the justice examined appellee under oath, touch-

ing his claim against Avery, and being satisfied of its correctness, entered judgment against him for the sum of $77.10 and costs, and at the same time entered a conditional judgment for a like amount in favor of Avery for the use of Killenberg against appellant as garnishee.

On the 4th of October following, a trial was had before the justice, who, after hearing witnesses on both sides, rendered a judgment in favor of appellant and against Killenberg for costs. From this judgment Killenberg took an appeal to the circuit court of St. Clair county, and at the January term, 1877, of that court the case was tried before the Hon. Wm. H. Snyder by consent of parties, without the intervention of a jury.

The only evidence offered by appellee to establish the indebtedness of appellant to Avery was the transcript of the proceedings before the justice, and a stipulation between the parties, in these words: "It was thereupon agreed that if the court found for the plaintiff, the judgment should be for $77.10. Upon this state of facts the court below found for appellee, and rendered a judgment against appellant as garnishee for the said sum of $77.10 and costs of suit, from which judgment an appeal has been prosecuted to this court, and it is assigned for error that the finding of the court is contrary to the law and the evidence.

Two reasons are urged by appellant's counsel for a reversal of the judgment below:

1. It is claimed that the affidavit upon which the attachment proceeding is founded is not in conformity with the requirements of the statute.

2. That the record discloses no evidence of appellant's indebtedness to Avery.

Without stopping to inquire whether the first point is well taken we are quite sure that the second one is.

Upon a careful examination of the transcript of the proceedings before the justice, even if that were competent evidence, which it certainly was not, we fail to find the slightest evi-

dence tending to establish any indebtedness from appellant to Avery, and it is quite evident that without such evidence the judgment of the court below can not be sustained. If, then, there is nothing in the transcript of the proceedings before the justice tending to establish such indebtedness, it only remains to inquire whether the stipulation or agreement made between the parties can be regarded as establishing such indebtedness.

We are clearly of opinion it can not be so regarded. We look in vain in this stipulation for anything like an express or implied admission of such indebtedness. It amounts to nothing more than an agreement between the parties, that if appellee succeeded in establishing any liability or indebtedness from appellant to Avery, be it much or little, and the court should so find, then, and in that event, judgment was to be entered by the court for the $77.10, being the full amount of appellee's judgment against Avery.

It must be supposed that this stipulation was entered into by appellant upon the hypothesis and implied understanding that the court would not, without evidence, find appellant liable to Avery for any amount, however small, and if the court did so, and the record shows it did, it was error.

In looking over the record in this case, and perceiving an entire absence of evidence to support the conclusion reached by the court below, the conviction is forced upon us that some error or mistake must have occurred in settling the bill of exceptions, or that the court in the hurry of the trial misapprehended the effect of the stipulation.

Be this as it may, this court in forming its conclusion must treat the record before it as a verity, and when so regarded the conclusion is irrisistible that the finding of the court below was not warranted by the evidence. For this error the judgment must be reversed and the cause remanded.

<em>Judgment reversed.</em>