SEBASTIAN RIPPEN

*v.*

JUERGEN SCHŒN.

</div>

1.  GARNISHMENT—*answer denying indebtedness must be disproved.*  Where the answer of a garnishee denies all indebtedness at the date of the service on him, the party garnisheeing must disprove the answer before he can recover. The burden of disproving it rests on him.

2.  MARRIED WOMAN—*note given her for her separate property not subject to her husband's debts.*  The amount of a promissory note given to a married woman, on the sale of a house which belonged to her before her marriage, is not liable to garnishment by a creditor of her husband.  The proceeds of the sale of her separate property can not be subjected to the payment of the husband's debts.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. KŒRNER & TURNER, for the appellant.

Messrs. HAY & KNISPEL, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Pitthan & Bartel, who had a judgment against Juergen Schœn, caused Sebastian Rippen to be summoned to answer as garnishee of said Schœn.

Judgment was rendered in the court below against Rippen, and he appeals to this court.

We are very clearly of opinion that the judgment below was unauthorized by the evidence, and it must, therefore, be reversed.

Rippen's answer denied all indebtedness at the date of the service of the writ, and the burden was on Pitthan & Bartel to disprove this answer. *Wilhelmi* v. *Haffner*, 52 Ill. 222.

The ground upon which Rippen is sought to be charged is, he had bought a house of the Schœns for $1600, and some furniture for $150, prior to the service of the writ.

The evidence, however, is satisfactory that he had paid all this, before the service of the writ, except a note to Mrs. Schœn of $550.

The amount of the note was not the subject of garnishment. The house belonged to Mrs. Schœn in her own right, having been hers before her intermarriage with Juergen, and the proceeds of its sale could not be subjected to the payment of his debts.

The evidence that Rippen said that he could not positively swear that he did not owe Schœn anything, "for he had not paid Mr. Schœn the note he gave him," we regard as being fully explained by the other evidence, showing that, in fact, this note was given to Mrs. Schœn, and that, too, in purchase

of her own separate property, in which her husband had no interest whatever.

We have failed to discover any other evidence tending to fix a liability upon Rippen.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*