Manowsky v. Conroy.

---

GUSTAVE MANOWSKY FOR USE, ETC.,

v.

JAMES CONROY, IMPLEADED, ETC.

*Garnishment—Answer of Garnishee—Truth of—Burden of Proof—Sec. 2, Chap. 62, R. S.*

1. The answer of a garnishee must be taken as true in the absence of proof to the contrary.

2. The traverse of such answer by the execution creditor does not relieve him of the duty of proving the same untrue.

3. Upon garnishment proceedings wherein it is sought to reach funds claimed to be due the judgment debtor, notice having been served upon

the garnishee by sub-contractors under such debtor in conformity with
the requirements of the lien law. to recover claims aggregating the bal-
ance due or more, this court declines to interfere with the verdict for the
garnishee, for the reason that Sec. 2, Chap. 62, R. S., touching the appear-
ance of claimants and the litigation of their rights, was not complied with.

[Opinion filed May 8, 1889.]

APPEAL from the Superior Court of Cook County; the
Hon. KIRK HAWES, Judge, presiding.

Judgment was rendered in the Superior Court of Cook
County for $335.12 and costs, in favor of Edward Otto and
against Gustave Manowsky; execution was issued and returned
by the sheriff, no property found. Otto then filed an affi-
davit for garnishment, and appellee was served with sum-
mons, as garnishee, and interrogatories being filed, he
answered that there was a written contract between himself
and Manowsky, by the terms of which Manowsky agreed to
build for him a house to cost $1,300; that the price was to be
paid in installments; that $900 of the amount had been
paid before the service of the garnishee summons, and that the
remaining $400 was not due, as Manowsky had not completed
his contract; that notice under the lien law of the State had
been served on him, Conroy, for liens, to the amount of about
$350, the names of the claimants and amounts being specific-
ally stated; that the time for giving such notices has not
expired, and that he believes the amount of sub-contractor's
liens, to which the building is liable, exceeds the sum of $400;
that Manowsky abandoned the work before the building was
completed, leaving about $50 worth of labor and materials
still to be furnished therefor; and insisting in said answer
that under the statute he was entitled to retain whatever is
due Manowsky to protect himself against said liens. The
answer was sworn to, and a traverse thereto filed by Otto. On
the trial, the judgment, execution and return were introduced
in evidence. Otto then testified that the judgment was
wholly unpaid, and plaintiff rested. On motion of Conroy,
the court then instructed the jury to find for him, Conroy.

Verdict was rendered accordingly and motion for new trial by appellant. Motion overruled and judgment on verdict, from which Otto appeals.

Messrs. Holden & Farson, for appellant.

Messrs. Snowhook, Johnston & Gray, for appellee.

Garnett, P. J.    The only question presented is, on whom was the burden of proof? The court below, in its instruction to the jury, assumed that the answer of the garnishee was to be taken as true, in the absence of proof. That the ruling was sound, is attested by a series of decisions in this State, which must control the action of this court. Kergin v. Dawson, 1 Gilman, 86; Ill. Central R. R. Co. v. Cobb, 48 Ill. 402; C. & St. L. R. R. Co. v. Killenberg, 82 Ill. 295; C. & St. L. R. R. Co. v. Hindman, 85 Ill. 521.

The traverse of the answer did not relieve the execution creditor of the duty of proving what the garnishee declined to admit. If the answer was uncertain or insufficient in any material point, the court, on proper application, would have required a further answer. But having taken issue on the facts presented by the answer, the burden of proof remained on Otto.

Sec. 2, Chap. 62, prescribes the course to be pursued, when the fund in the hands of the garnishee is claimed by any other person; it provides that such claimant shall be allowed to appear and maintain his right, and if he does not voluntarily appear, notice shall be issued and served on him in such a manner as the court may direct. Here the parties claiming the remaining $400 of the price of the building never appeared, nor were they served with any notice to appear, and it may well be doubted whether the court could have compelled the garnishee to litigate the validity of their claims until they were so notified. The judgment is affirmed.

*Judgment affirmed.*