## Reid, Murdoch & Company v. First National Bank of Chicago et al.

### Gen. No. 13,187.

GARNISHEE—*burden of proof to disprove answer of.* The burden is upon the plaintiff to disprove the answer of the garnishee where that answer denies all indebtedness at the date of the service of the writ upon the garnishee.

Attachment. Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed June 14; 1907.

**Statement by the Court.** October 6, 1905, appellant, Reid, Murdoch & Co., commenced a suit in attachment in the Circuit Court against the Richmond Canning Company, of Richmond, Indiana, for $1,440. A writ of attachment was issued and served upon the First National Bank of Chicago, as garnishee. Interrogatories were duly filed, inquiring of the garnishee if it had any property of or was indebted to the defendant.

A special interrogatory was filed as follows:

"Did you, at the time of the service upon you of the writ issued in this cause, or since that time, have in your possession, charge or custody any moneys belonging to the said Richmond Canning Company, being the proceeds of a certain draft drawn by the said Richmond Canning Company upon Steele-Wedeles Co. of Chicago, Illinois, and payable to the First National Bank of Richmond, Indiana? If so, state the amount thereof."

The First National Bank of Chicago, garnishee, answered the interrogatories denying that it was indebted to the defendant, or had in its possession any property belonging to it, except as may appear in and by its answer to the sixth interrogatory, which was as follows:

"To the sixth of said interrogatories this garnishee answers that on the day of the service on it of the writ herein and immediately before such service, Steele-Wedeles Company paid to this garnishee seven hundred and nine dollars and twenty cents ($709.20), being the amount of a certain bill of exchange dated September 30, 1905, and drawn on said Steele-Wedeles Company by the defendant herein, said Richmond Canning Company. Said draft had been received for collection by this garnishee from the First National Bank of Richmond, Indiana, who, so far as said draft or the accompanying papers showed, appeared to be the owner of the said draft, and who, so far as this garnishee had or has any knowledge, information or belief in the premises, was in fact the owner thereof.

"This garnishee, therefore, claims and insists that it is accountable for the fund of $709.20 aforesaid to said First National Bank of Richmond, Indiana, and not to

said Richmond Canning Company, and denies all lia-
bility to said Richmond Canning Company for or on
account of said fund or any part thereof."

The declaration was filed November 10, 1905, set-
ting forth that the plaintiff, appellant, had sustained
damages to the extent of $2,000 through the failure of
the defendant, Richmond Canning Company, to deliver
a large amount of tomatoes.

On November 29, 1905, the First National Bank of
Richmond, Indiana, obtained leave and filed its inter-
plea in said proceedings, claiming the proceeds of the
draft described in the answer of the garnishee. Ap-
pellant replied to the answer of the garnishee and to
the interplea of the First National Bank of Richmond,
traversing the averments thereof.

Upon due publication and mailing of notice to the
defendant, the Richmond Canning Company, the de-
fault of that company was entered May 4, 1906, for
failure to appear and plead.

The cause came on for trial May 22, 1906, and the
court held that appellant had the affirmative and that
the burden of proof was upon it. A jury was called
and accepted by both parties and was sworn to try
the case. Thereupon counsel for the plaintiff an-
nounced: "We have no proof ready at this time."
The court then instructed the jury to find the issues on
the answer of the garnishee for the said garnishee.
The jury returned a verdict accordingly. Thereupon
the court entered a judgment in favor of the garnishee
for costs of suit. The plaintiff prosecutes this appeal
to reverse the judgment.

COLSON & JOHNSON, for appellant.

McARDLE & McARDLE, for appellees.

MR. JUSTICE SMITH delivered the opinion of the
court.

The record shows that this cause was advanced upon
the trial calendar and set down for trial on May 14,

1906, on the motion of attorneys for the interpleader without objection from any of the parties. When the case was called for trial the court ruled that the case was before the court for the trial of all the issues, and that the burden of proof was on the plaintiff, and required the plaintiff, appellant, to proceed with its proof. The question presented on this appeal is whether this ruling of the court was correct or erroneous.

The contention of appellant is that only the issue upon the interplea of the First National Bank of Richmond was before the court for trial. "All of the issues between the appellant and the Richmond Canning Company had been disposed of, the Canning Company having been duly served by publication and its default entered," it is claimed.

The cause against the Richmond Canning Company had not been disposed of. "The default admitted every material allegation of the plaintiff's declaration, and left nothing but the assessment of damages open to be determined. * * * The indebtedness was admitted but the amount had to be ascertained by the inquiry. The defendant on the execution of a writ of inquiry has no right to give any evidence which would defeat the action, but only such as tends to reduce the damages." Cook v. Skelton, 20 Ill. 107, 111. "The defendant had the right to cross-examine the plaintiff's witnesses and introduce witnesses on its part on the question of damages, ask for instructions as to the proper measure of damages, and preserve the rulings of the court by bill of exceptions." Cairo & St. L. R. R. Co. v. Holbrook, 72 Ill. 419, 422; American Mail Order Co. v. Marsh, 118 Ill. App. 248.

Upon this question, therefore, the burden of proof was upon the plaintiff to introduce its evidence. The whole case was before the court and it was within the discretion of the court, we think, in the condition of the record, to dispose of the assessment of damages, the issue on the answer of the garnishee, and

with that issue the issue on the interplea, which was in no way different from the issue on the answer of the garnishee, at the same hearing or trial.

The argument of counsel for appellant proceeds upon the assumption that the trial court held that the plaintiff had the affirmative on the issue tendered by the interplea. As we read the record the court made no such ruling. Finding no ruling in the record of the question argued, the question is not properly before us. There was some argument before the court upon the question whether the court should take up the question on the interplea before the case itself was tried, but no motion was made to that effect, and we do not think that precise question is presented by the record.

As the issues were made up in this case, however, the issue on the interplea was precisely the same as that presented by the answer of the garnishee and the replication to it. The answer of the garnishee "claims and insists that it is accountable for the fund of $709.20 aforesaid to said First National Bank of Richmond, Ind., and not to said Richmond Canning Company, and it denies all liability to said Canning Company for or on account of said fund or any part thereof." The replication of the plaintiff alleges "that said moneys received by the garnishee from Steele-Wedeles Co., to-wit, $709.20, were the property of the said Richmond Canning Company, the defendant herein."

The interplea of the First National Bank of Richmond avers that the $709.20 attached and sezied by virtue of said writ of attachment "were at the time the same were so attached and seized, and still are, the property of it, the said First National Bank of Richmond, and not of the said Richmond Canning Company."

The burden was upon the plaintiff to disprove the answer of the garnishee, for it denies all indebtedness at the date of the service of the writ upon the garnishee. The plaintiff must disprove that answer before it can recover. Rippen v. Schoen, 92 Ill. 229.

We cannot hold, therefore, that upon this record it was the duty of the court to try the issue tendered by the interplea by a separate and independent or preliminary trial, and then retry the same question as against the garnishee. Nor do we think that the plaint-'iff had a right to have the issues so tried in this case.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*