**Anton Kosiba, Defendant in Error, v. Jacob Galinski, (Standard Oil Company, garnishee), Plaintiff in Error.**

### Gen. No. 16,435.

EXEMPTIONS—*burden on whom to show wages are exempt.* The burden under the general exemption law is on the garnishee or judgment debtor to show that wages are exempt by proof that such judgment debtor does not have property to exceed in value the amount exempted.

Error to the Municipal Court of Chicago; the Hon. HUGH R. STEWART, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed August 12, 1912.

MORTON H. EDDY, for plaintiff in error.

FRANK FOSTER, for defendant in error; R. F. KOMPARE, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

This was a suit in attachment instituted in the Municipal Court by Anton Kosiba against Jacob Ga-

linski, wherein the Standard Oil Company was summoned as garnishee. The verified answer of the garnishee sets forth that Galinski is and was at the date of the service of summons in its employ; that it then had in its possession the sum of $36.92 due said Galinski as wages from September 16th to October 1st, 1909; that Galinski was in its employ at Whiting, Indiana; that he is a married man and residing with his family, a householder, and a resident of the State of Indiana; that the wages aforesaid were earned, due and payable to the said Jacob Galinski in said Whiting, Indiana; that it claims said wages as being exempt under Section 34, Chapter 62, of Hurd's Revised Statutes, relating to the wages of nonresidents; that under the laws of the State of Indiana wages of resident householders residing with their family are exempt from garnishment proceedings to the amount of $600; that it is not indebted to the said Galinski in any amount whatsoever; and that it has not, nor did it have at the date of service of summons, in its control, possession or agency, any property, money, credits, or effects of any kind or nature, due or to become due, except as above stated, belonging to the said Galinski.

The traverse of the plaintiff to said answer of the garnishee states that at the beginning of said suit the defendant, Galinski, was in the possession of real and personal property, goods and chattels of an amount in excess of $600, and denies that said defendant is entitled to the benefit of the exemption laws of the State of Indiana, because said defendant has not claimed his exemptions under the exemption laws of the State of Illinois or of the State of Indiana.

Upon a trial by the court judgment was entered in favor of the plaintiff against the defendant for his damages assessed at $50, and judgment was also entered in favor of the defendant for the use of the plaintiff against the garnishee for $36.92, to reverse which latter judgment the garnishee prosecutes this writ of error.

Section 34, chapter 62, of the Statutes of this State, relating to garnishment, is as follows:

"And whenever, in any proceedings in any court of this State, to subject the wages due to any person to garnishment, it shall appear, that such person is a non-resident of the State of Illinois, that the wages earned by him were earned and payable outside the State of Illinois, the said person, whose wages are so subjected to garnishment, shall be allowed the same exemption as is at the time allowed to him by the law of the State in which he so resides." Hurd's Statute 1909, 1217.

There were offered in evidence sections 713, 714 and 715 of Burns' 1901 Ann. Statutes of Indiana, which provide as follows:

Section 713. "Before a debtor shall receive the benefit of the exemption provided by this Act, he shall make out and deliver to the officer holding the execution a schedule of all his property, as now required by law, in case an exemption from sale on execution is claimed."

Section 714. "Before any person shall be entitled to the benefit of the provisions of the above recited act, he shall make out and deliver to the sheriff or other officer having the writ, an inventory of all of his or her real estate, within or without this State, money on hand or on deposit within or without this State, rights, credits and choses in action, and all personal property of every description whatever belonging to him or in which he had any interest at the date of the issuing of the writ, and make and subscribe an affidavit to the same and that such inventory contains a full and true account of all such property as required in this act to be set out in the said inventory, had or held by him at the time such writ was issued; and if any property has been disposed of by him since the issuing of the writ, such affidavit shall show that fact, and how the same has been disposed of, and what disposition he has made of the proceeds; and until such inventory and affidavit shall be furnished to such officer, he shall not set apart any property to the execution-defendant as exempt from execution."

Section 715. "An amount of property not exceeding in value $600, owned by any resident householder, shall not be liable to sale on execution or any other final process from a court for any debt growing out of or founded upon a contract express or implied after the taking effect of this Act."

The wage exemption of a resident householder in the State of Indiana comes within the provisions of section 715, above quoted of the general exemption law. Pomeroy v. Beach, 149 Ind. 511.

It is insisted on behalf of plaintiff in error that the answer filed by it, wherein it merely claims the amount of wages in its possession belonging to the judgment debtor as exempt under the provision of said section 715, casts the burden on the defendant in error to show that the judgment debtor has an amount of property exceeding in value $600, and that the wages in the possession of the plaintiff in error are not exempt from garnishment. It is contended on behalf of defendant in error that the mere claim by plaintiff in error that the wages are exempt does not establish such exemption, but that the burden of showing that such wages are in fact exempt is on plaintiff in error, and that before such exemption is available to the judgment debtor it is incumbent upon him to make a complete schedule or inventory of his property, as provided in sections 713 and 714, above quoted.

While it may well be doubted whether said sections 713 and 714 can be given any extra territorial effect, so as to require a judgment debtor residing in the State of Indiana to comply with the provisions of said sections in order to avail himself of his exemptions in a garnishment proceeding instituted in this State, we are clearly of opinion that the burden is on the garnishee or the judgment debtor to show that the wages claimed to be exempt under a general exemption law are exempt in fact. McMasters v. Alsop, 85 Ill. 157. Undoubtedly it would be otherwise, and such rule would not be applicable, if the statute declared a

specific amount of wages to be exempt. In the latter case the answer of the garnishee, disclosing the amount of wages due the judgment debtor, and claiming the specific amount fixed by the statute as exempt, would operate to avail the judgment debtor of his exemption to the extent of the amount fixed by the statute.

When a garnishee answers that he is not indebted to the judgment debtor, or that he has no property of the judgment debtor in his custody or control, it devolves upon the judgment creditor to show that the answer is untrue, and this is what is decided in Manowsky v. Conroy, 33 Ill. App. 141, cited and relied upon by plaintiff in error.

In the absence of any proof by plaintiff in error, or by the judgment debtor, that the latter did not have an amount of property exceeding in value $600, the finding of the trial court was right and the judgment will be affirmed.

*Judgment affirmed.*