Peter Ancateau for use of Trust Company of Chicago as Administrator of Estate of Albert Goodman, Deceased, Appellee, v. Commercial Casualty Insurance Company, Appellant.

**Gen. No. 9,869.**

Opinion filed April 28, 1943.

Samuel Levin and Stanley Watson, both of Chicago, and Edgar J. Elliott, of Wheaton, for appellant; E. R. Shaw, of counsel.

Martin & Schwartz, of Chicago, for appellee.

Mr. Justice Dove delivered the opinion of the court.
At the October 1942 term of this court, we affirmed a judgment of the circuit court of Du Page county for

$7,500 against Peter Ancateau in favor of the Trust Company of Chicago as administrator of the estate of Albert Goodman, deceased, on account of the death of the plaintiff's intestate, resulting from an automobile accident in which three persons riding on the rear seat of the automobile driven by Peter Ancateau were killed. The facts appear in the opinion in that case. *Trust Co. of Chicago v. Ancateau,* 317 Ill. App. 186.

The judgment mentioned was entered by the circuit court at its January 1942 term. Later, in the same term of that court, appellee in the instant case, instituted a garnishment proceeding against appellant, based on the judgment, to reach the proceeds of an automobile accident insurance policy issued by appellant to Theodore Ancateau, the father of Peter Ancateau, on the theory that the policy covers the liability of the latter as being included in the policy definition of the word, "Insured." The policy covers liability of $5,000 for bodily injury to each person, with a limit of $10,000 liability for each accident.

Appellant filed a motion in the trial court to strike the complaint, on the ground that the suit was premature, because an appeal in the original suit was pending, and that pending the disposition thereof the court could not determine whether Peter Ancateau was indebted to the beneficial plaintiff, or the amount of such indebtedness, if any. Appellant also answered the interrogatories and additional interrogatories filed by appellee, who thereupon filed a motion for judgment. Without hearing any testimony, the court denied appellant's motion to strike, and on October 1, 1942, while the appeal in the original suit was still pending in this court, entered a judgment in favor of appellee against appellant for $5,259.50, which includes $5,000 principal, $242.70 interest, and $16.80 costs incurred by the plaintiff in the original action. The cause is here on the garnishee's appeal.

The grounds urged for reversal are that the garnishment proceeding was premature, for the same reasons

urged in the trial court; and that the court erred in not finding that certain facts, showing violations of the policy provisions, and set out in the answers to the interrogatories, are a complete defense. Such alleged facts, as set out in the answers, are: That at the time of the accident the automobile was not being used "with the permission of the named insured"; that it was being operated by Peter Ancateau to carry persons for a charge; and that Theodore Ancateau in procuring the policy, fraudulently represented himself to be the owner of the automobile, when in truth and in fact, he was not such owner. Appellant also claims that no reply to the answers was filed, and that on that account, the answers must be taken as true.

Appellee contends that the garnishment proceeding was not premature, because, for want of a bond on the appeal in the original suit, the appeal did not operate as a supersedeas, as provided by section 82 of the Civil Practice Act (Ill. Rev. Stat. 1941, ch. 110, par. 206 [Jones Ill. Stats. Ann. 104.082]); that appellant waived its defenses under the policy by defending the original suit; that by participating in the hearing without a reply to the answers being filed, appellant waived a reply; that appellant is in no position to urge that the answers must be taken as true for want of a reply, because the point was not raised in the trial court; and that appellee's motion for an order to set the cause for a contested hearing was a sufficient traverse of the answer.

The claim that appellant waived its defenses under the policy by defending the original suit cannot be upheld. The record shows that in one of the other suits against Peter and Theodore Ancateau on account of the same accident, appellant notified each of them that because of similar alleged misrepresentations and violations of the policy provisions, the defense would be undertaken with the distinct understanding that the

company did not intend to waive any right it might have under the policy because of any breach of the conditions thereof, or misrepresentations as to its coverage. Prior to the trial in the original suit in the case at bar, separate non-waiver agreements were executed between appellant and Theodore Ancateau and between appellant and Peter Ancateau, and later a similar agreement was executed between appellant and Theodore and Peter Ancateau jointly. Peter Ancateau was a minor, which fact is relied upon by appellee as showing the non-waiver notices and agreements were ineffective. The validity of the non-waiver agreement, as such, is of no consequence. The notices in the other suit and the non-waiver agreements show the intention of appellant to reserve all its rights under the policy. This was all that was necessary. The consent of the defendants need not be expressed, but may be inferred from their acquiescence. (*Associated Indemnity Corp. v. Wachsmith,* 2 Wash. (2d) 679, 99 P. (2d) 420, 127 A. L. R. 531, 540, 29 Am. Jur. Insurance, 673; see also Annotations in 76 A. L. R. 169 and 81 A. L. R. 1382, *et seq.*)

Responsive to an order of the trial court, upon the motion of appellee, copies of statements of Peter Ancateau and Theodore Ancateau, allegedly made shortly after the accident, were attached to the answers to the interrogatories. These documents, in some degree, tend to corroborate appellant's claims as to violations of the policy provisions and the ownership of the automobile. As to their ultimate probative force, on a hearing of the testimony in the case, we express no opinion.

Section 7 of the Garnishment Act (Ill. Rev. Stat. 1941, ch. 62, par. 7 [Jones Ill. Stats. Ann. 109.290]) provides:

"When the plaintiff in any garnishee proceeding shall allege that any garnishee . . . hath not truly discovered the . . . moneys . . . in his pos-

session, custody, or charge, or from him due and owing to the defendant at the time of the service of the writ, or at any time after, or which shall or may thereafter become due, the court . . . shall immediately . . . proceed to try such cause, as against such garnishee, without the formality of pleading. The trial shall be conducted, as in other civil cases," etc.

Ordinarily, where ·the answers of a garnishee are not traversed, they are taken as true, and on an appeal by the garnishee the only question will be whether the plaintiff is entitled to judgment on the facts disclosed by the answer. (*Wabash R. Co. v. Dougan,* 142 Ill. 248.) This follows the general rule of pleading. Another well established rule of procedure is that when both parties treat the issue as properly made, the want of a reply is waived. (*Imperial. Fire Ins. Co. v. Shimer,* 96 Ill. 580; *Butts v. County of Peoria,* 226 Ill. 270.)

. In the case at bar, after appellant answered the first set of interrogatories, and in response to the answers denying possession of any rights, credits or effects due and owing Peter Ancateau, or in which he was interested, and denying the existence of any policy of insurance "issued to Theodore Ancateau and/or Peter Ancateau," appellee filed a petition alleging there was a policy issued by appellant insuring Theodore Ancateau and Peter Ancateau, and asking for an order setting the case "for a contested hearing." It does not appear that appellant claimed in the trial court that no reply had been filed, but treated the issues as joined. We are of the opinion that there was a traverse of the answers which sufficiently meets the requirements of section 7 of the Garnishment Act. (*Pink v. Chinskey,* 303 Ill. App. 55.) However, a traverse of the answers did not relieve appellee from proving what the garnishee declined to admit. (*Manowsky v. Conroy,* 33 Ill. App. 141, 143.) The burden of disproving a garnishee's answer denying all indebtedness at the date of the service of the writ rests upon

the plaintiff. (*Rippen v. Shoen*, 92 Ill. 229; *Payne v. Chicago, R. I. & P. Ry. Co.*, 170 Ill. 607, 609.) From this it follows that the cause should have been tried, not upon appellee's motion for judgment, but upon a hearing of testimony, either by the court or by a jury, and the court erred in entering judgment without such proof. (*Cairo & St. Louis R. Co. v. Killenberg*, 92 Ill. 142.) To the same effect is *Pink v. Chinskey, supra.*

Whether the garnishment was premature, on account of the pendency of the appeal in the original suit, presents a question seemingly of first impression in this State. The policy in controversy provides: "No action shall lie against the Company unless, as a condition precedent thereto, . . . the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant, and the Company." The decisions in other jurisdictions are not in harmony, probably due, in part, to different statutory and policy provisions. For instance, in *Materazzi v. Commercial Casualty Ins. Co.*, 157 Misc. 365, 283 N. Y. S. 942, relied upon by appellee, where it was held that the pendency of an appeal from a judgment in the original suit did not preclude the maintenance of garnishment on the judgment, the policy contained a provision that no action should lie against the company unless brought by the assured for a loss or expense actually sustained and paid in money by him "after actual trial of the issue." The language used in that policy is so different from that of the policy in this case, that the decision is of no assistance here, unless, when we consider that the garnishee in that case is the garnishee in the case at bar, it may be said that the language of the policy here in controversy indicates that the change in language was probably made to obviate the effect of the holding in the *Materazzi* case.

In *Pape v. Red Cab Mut. Casualty Co.*, 128 Misc. 456, 219 N. Y. S. 135, also relied upon by appellee, the policy contained a provision that "no action shall be maintained against the corporation under this policy unless brought after the amount of the loss shall have been fixed either by a final determination of the litigation after trial of the issue or by agreement," etc. The court said in that case: "The express language of the clause in the policy would seem to indicate that it was not intended to fix the insurer's liability upon the determination of the litigation beyond all possibilities of appeal." That decision lends some support to the claim of appellee.

It has been held, however, by the courts of California, Texas and South Carolina that garnishment is premature during the pendency of an appeal in the original action. (*Arp v. Blake,* 63 Cal. App. 362, 218 Pac. 773; *Department of Water & Power of City of Los Angeles v. Inyo Chemical Co.* (Cal.), 100 P. (2d) 872; *Pacific Gas & Electric Co. v. Nakano,* 12 Cal. (2d) 711, 87 P. (2d) 700, 121 A. L. R. 417; *Waples-Platter Grocery Co. v. Texas & P. Ry. Co.,* 95 Tex. 486, 68 S. W. 265, 59 L. R. A. 353; *Kreisle v. Campbell* (Tex.), 32 S. W. 581; *Miller v. Newell,* 20 S. C. 123, 47 Am. Rep. 833.) The same doctrine is laid down in 28 C. J. (Garnishment), p. 138, sec. 175, and in 4 Am. Jur. 686, sec. 206 where it is said that a claim in a tort action cannot be garnished even after judgment pending an appeal. In *Pacific Gas & Electric Co. v. Nakano, supra* the court said: "the weight of authority supports the rule that pending an appeal from a judgment rendered in a tort action, the debt represented by said judgment is not subject to garnishment." The opinion cites 4 Am. Jur. sec. 206 *supra,* and several of the cases above mentioned. It adopts the holding in *Arp. v. Blake,* *supra,* "that the garnishment having been served pending an appeal from the judgment was of no validity, that the effect of that appeal was to de-

prive the judgment of its finality, and to keep alive the case as one of tort as it existed before the judgment was rendered." The annotation following the *Nakano* case in 121 A. L. R. 420, adopts those holdings as the general rule. The *Nakano* case also holds that pending such an appeal the judgment is not assignable.

By section 74 of the Civil Practice Act (Ill. Rev. Stat. 1941, ch. 110, par. 198 [Jones Ill. Stats. Ann. 104.074]), an appeal from a judgment of a *nisi prius* court constitutes a continuation of the proceeding in the court below. Appellant's obligation under the policy is that of an insurer, and extends no farther than that relation. Garnishment process is remedial in nature designed to reach property belonging to the judgment debtor after ordinary execution has failed, and is not a separate suit, but is an additional or ancillary step in the original action for judgment. (*Zimek v. Illinois Nat. Casualty Co.*, 370 Ill. 572; *First Nat. Bank of Palatine v. Hahnemann Institutions of Chicago, Inc.*, 356 Ill. 366.) It is elementary that in a garnishment proceeding the plaintiff cannot recover against the garnishee unless the judgment debtor could do so. (*Schneider v. Autoist Mut. Ins. Co.*, 346 Ill. 137.)

While section 82 of the Civil Practice Act provides that an appeal to the Appellate or Supreme Court shall operate as a supersedeas only if and when the appellant, after notice duly served, shall give and file a bond in a reasonable amount, to secure the adverse party, section 76 of the same act [Jones Ill. Stats. Ann. 104.076] provides that the reversal or modification of an order, judgment, decree or other determination shall not affect the right, title or interest in or to any real or personal property of any person, not a party to such action, acquired after the entry of such order, judgment, decree or other determination, but before such appeal operates as a supersedeas under the provisions of the act, nor affect his rights under a certif-

icate of sale issued before such an appeal operates as a supersedeas, pursuant to a sale based on such order, decree, judgment or other determination. Section 32a of the Judgments Act (Ill. Rev. Stat. 1941, ch. 77, par. 35a [Jones Ill. Stats. Ann. 107.185]) contains similar provisions. These provisions are manifestly for the protection of persons not parties to the suit, where no supersedeas has been issued. It is evident that when a judgment is in process of an appeal it is not final, even though third persons, not parties to the action, are protected thereby in rights they may acquire under it in the absence of a supersedeas. The protection is afforded such third persons only because of the fact that the judgment is not final, for if it were final, there would be no occasion for the protection. It is not conceivable that the legislature meant to protect third parties in rights acquired while no supersedeas was in operation, and at the same time subject them to an assault upon their existing rights during the same period.

Although under section 82, in the absence of a supersedeas, the administrator of the estate of Albert Goodman, deceased, could have had an execution on his judgment against Peter Ancateau while the appeal in the original suit was pending, it does not follow that during the same period Peter Ancateau could have maintained an action against appellant under the insurance policy because of the nonexistence of a supersedeas. We know of no rule of law which holds that the rights of a person not a party to a suit are to be measured by the same yard-stick during the pendency of an appeal as the rights of the litigants against each other. Under our conception of the scope of section 32a of the Judgments Act, and sections 76 and 82 of the Civil Practice Act, relating to supersedeas, as protecting existing as well as acquired rights of a third person not a party to the original suit, during the pendency of an appeal therein, we do not think it can be

said that Peter Ancateau could have maintained a suit against appellant under the policy during the pendency of the appeal, and no authority is cited which holds that he could do so. If he could not do so, then, under the *Schneider* case, *supra,* appellee could not maintain the action in the case at bar while the appeal was pending. It is plain that when the provisions of section 32a of the Judgments Act and section 76 of the Civil Practice Act are construed with those of section 82 of the latter act, as must be done, the provisions as to supersedeas were intended as a shield for and not as a sword against persons not a party to the suit. To hold otherwise would be to abrogate the rule laid down in the *Schneider* case.

Section 388 of the Insurance Code (Ill. Rev. Stat. 1941, ch. 73, par. 1000 [Jones Ill. Stats. Ann. 66.1063]), relied upon by appellee, requiring a provision in casualty insurance policies pertaining to insolvency or bankruptcy of the insured, has no application here. Neither has the holding in *Treolo v. Iroquois Auto Ins. Underwriters,* 348 Ill. 93, laying down the elementary principle that a policy of insurance is to be construed liberally in favor of the insured and strictly against the insurer. The language of the policy in this case is clear and unmistakable. The final determination of the insured's liability by a judgment against him after actual trial, is a condition precedent to maintaining the action. Inasmuch as under the majority rule there can be no final determination of such liability during the pendency of an appeal in the original action, the garnishment proceeding was premature. The judgment of the circuit court is reversed.

*Judgment reversed.*