**STANDARD ACC. INS. CO. et al. v. LESLIE et al.**

Civil Action No. 807.

District Court, E. D. Illinois.

May 13, 1944.

Farmer-Klingel & Baltz, of Belleville, Ill., for plaintiff.

Dan McGlynn, Jr., of East St. Louis, Ill., for defendants William Kerrigan and Harry Kelly.

Harold J. Bandy, of East St. Louis, Ill., for defendant Veronica Leslie.

WHAM, District Judge.

The plaintiffs are foreign insurance companies and the defendants are residents and citizens of the State of Illinois. A principal amount in excess of $3,000 is in controversy. Plaintiffs seek a declaratory judgment to establish their claim of non-liability under a certain automobile liability policy issued by plaintiffs to the defendant Veronica Leslie on May 18, 1942, for which she had paid the required premiums to plaintiffs' agent.

Plaintiffs in their complaint filed January 24, 1944, aver that subsequent to the issuance of the policy they cancelled the policy, under its provisions, effective July 29, 1942; that on September 6, 1942, an accident occurred involving defendant Leslie and the automobile described in said policy; that thereafter, on or about December 8, 1942, the defendant Harry Kelly, claiming an injury in the accident to his automobile, brought suit before a justice of the peace in East St. Louis against defendant Leslie, alleging damages in the amount of $303.06 and costs; that defendant Kerrigan, claiming injuries received in said accident, brought suit on or about November 23, 1943, in the City Court of East St. Louis against defendant Leslie, alleging damages in the amount of $5,000 and costs; that defendant Leslie claims that by virtue of said policy plaintiffs are bound to defend her in said actions and to pay any judgments obtained against her within the limits of said policy; that the defendants Kelly and Kerrigan, if they obtain judgments in said suits, will assert claims against plaintiffs by virtue of said policy for payment of the judgments. Plaintiffs deny all liability under said policy due to the alleged cancellation of the policy. Plaintiffs pray a judgment declaring such non-liability.

Defendant Leslie answered denying the cancellation of the policy but admitting that she claimed that plaintiffs are liable under the policy, as averred. Defendants Kelly and Kerrigan answered admitting the pendency of said suits against defendant Leslie in the state courts but neither admitting nor denying the other allegations in the complaint.

The case came on for trial on the complaint and answers on April 4, 1944, and evidence was heard. The evidence showed that after said policy was delivered to the defendant Leslie on May 23, 1942, and paid for by her, plaintiffs, having conducted an investigation, decided that the insured was not a good risk and on July 23, 1942, mailed a notice of cancellation to insured by registered mail, which notice stated that cancellation would be effected and insurance terminated at 12:01 A. M. Standard Time, July 29, 1942. The notice of cancellation was sent under the provisions of the policy which read as follows:

"22. Cancelation.

"This policy may be canceled by the named insured by mailing to the company written notice stating when thereafter such cancelation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancelation stated in the notice shall become the end of the policy

period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.

"If the named insured cancels, earned premiums shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premiums shall be computed pro rata. Premium adjustment may be made at the time cancelation is effected and, if not then made, shall be made as soon as practicable after cancelation becomes effective. The company's check or the check of its representative mailed or delivered as aforesaid shall be a sufficient tender of any refund of premium due to the named insured."

The notice was not accompanied by the unearned premium on the policy and plaintiffs did not thereafter refund or pay said unearned premium to the insured. Plaintiffs' agent who had written the policy and delivered it to the insured testified that she notified him that she had received the cancellation notice and requested him to retain the premium money and secure other insurance for her in lieu of the cancelled policy; that pursuant to her request he undertook to procure other insurance and did so, in part, but was not able to secure other public liability insurance for her; that later he sent her a credit notice that certain unearned and unexpended premium was due her and in his hands for her. Defendant Leslie, the insured, testified that she told said agent that she had received the cancellation notice and that he replied that he would find out about it, whether it was really cancelled. She said that she did not understand that the policy was actually cancelled; that she did not authorize him to procure other insurance for her and was not aware that he had done so; that he did not return any premium money to her and that she did not receive any premium credit slip from him; that no unearned premium has been refunded or tendered to her at any time.

Plaintiffs claim that if a duty rested upon plaintiffs under the policy and the law of Illinois to refund the unearned premium with the notice of cancellation, which they deny, defendant waived such requirement by her conduct and actions after receiving the notice of cancellation and by arranging with said agent to procure other insurance for her. Plaintiffs' said claim of waiver by defendant Leslie of any right she might have to a refund of unearned premium in order to effectuate the cancellation was not mentioned in the complaint nor referred to in the pleadings. It was advanced by the plaintiffs at the trial without retreating from the position that the notice of cancellation was effective under the provisions of the policy without refunding the unearned premium.

The evidence bearing on the question of waiver alone is conflicting and fairly evenly balanced. It is of doubtful sufficiency to support a declaratory judgment for plaintiffs who carry the burden of proof, if such judgment were to rest entirely upon proof of waiver.

After the trial it came to the attention of the court that several weeks prior to the trial the defendants Kelly and Kerrigan had obtained judgments against the defendant Leslie in the damage suits in the state courts above described, in which defendant Leslie claimed it was the duty of plaintiffs to defend. A stipulation of facts showing the judgments has been filed and made part of the record by counsel for the respective parties.

That the issue of liability or non-liability under the policy in view of the notice of cancellation is governed by the law of Illinois is not disputed. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. No Illinois statute or decision has been presented and I have found none which is controlling or which involves a like cancellation provision in a like insurance policy. That, under a policy of this character, in the absence of provisions to the contrary in the policy, the refund or tender of unearned premium is required to make effectual a notice of cancellation by the insurer has become the established law in Illinois. Ætna Insurance Co. v. Maguire, 51 Ill. 342; Peoria Marine & Fire Insurance Co. v. Botto, 47 Ill. 516; Dickerson v. Northwestern Mutual Life Insurance Co., 200 Ill. 270, 65 N.E. 694; Annes v. Carolan, Graham, Hoffman, Inc., 336 Ill. 542, 168 N.E. 637; Hansell-Elcock Company v. Frankfort Marine Accident & Plate Glass Insurance Co., 177 Ill.App. 500. Whether the cancellation provision in this policy, above set forth, obviates said requirement presents a novel question which may not be free from doubt. Whether or not the actual intention of the parties as expressed in the two paragraphs of the cancellation clause was to waive the established law of

Illinois and provide that the refund of the unearned premium should not be necessary to make the cancellation notice effective cannot be determined by Illinois precedent as there is none.

By reason of the importance of the interpretation to be placed upon this provision of the policy by the courts, due to the fact that it is a standard provision in a standard policy and likely to be often in question, an authoritative interpretation by the courts of Illinois is desirable. This has been pointed out by the defendants in their briefs and the suggestion is made that this court in exercise of its discretion decline jurisdiction in this declaratory judgment proceeding and let the policy be authoritatively interpreted by the state courts. Brillhart v. Excess Insurance Company of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620; Thompson v. Magnolia Petroleum Company, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876.

■ While it is true that this court is under no compulsion to exercise its jurisdiction in all declaratory judgment cases which may be presented (Brillhart v. Excess Insurance Company of America, supra; Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; American Automobile Insurance Company v. Freundt, 7 Cir., 103 F.2d 613), its discretion is judicial and not arbitrary. Mutual Life Insurance Company of New York v. Krejci et al., 7 Cir., 123 F.2d 594; Western Electric Company, Inc., v. Hammond, 1 Cir., 135 F.2d 283.

■ Though the United States Supreme Court has required a District Court to withhold its decision in order to permit a proper state court to decide a novel question of state law involving real estate titles (Thompson v. Magnolia Petroleum Company, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876), an interpretation of a city ordinance involving large public interests and a conflict with a state statute (City of Chicago v. Fieldcrest Dairies, 316 U.S. 168, 62 S. Ct. 986, 86 L.Ed. 1355) and the interpretation of state statutes involving large public interests in the oil fields of Texas (Railroad Commission of Texas v. Pullman Company, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971) and in certain other cases, I do not understand that a District Court must or properly may refuse to exercise jurisdiction merely because a novel question of state law is presented in private litigation not affecting real estate titles or some public interest or some public policy of consequence. Our Circuit Court of Appeals has even refused to require a District Court to refrain from passing upon a question of Illinois real estate law which was but slightly different from questions which had been determined by the Illinois courts. Shell Oil Company v. Dye, 7 Cir., 135 F.2d 365. See also, New England Mutual Life Insurance Company v. Mitchell, 4 Cir., 118 F.2d 414; Boston Casualty Company v. Bath Iron Works Corporation, 1 Cir., 136 F.2d 31.

■ That this is a case involving an actual controversy within the scope and meaning of the Federal Declaratory Judgment Act, 28 U.S.C.A. § 400, is not disputed. Ætna Life Insurance Company v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L. Ed. 617, 108 A.L.R. 1000. On the other hand it is well settled, as stated in Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, that the declaratory remedy should not be invoked merely to try issues or determine the validity of defenses in pending cases. Borchard, Declaratory Judgments, 109, 110. Borchard makes this statement: " * * * the court will refuse a declaration where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances. In these cases it is neither necessary nor proper to issue a declaration." Borchard, Declaratory Judgments, 109.

■ When it appears that the principal issue in a declaratory judgment suit constitutes the plaintiff's defense in a suit or suits already pending in the state court and can be fairly disposed of in the pending suits, it would seem that in the exercise of a wise discretion a declaratory judgment should be denied. If such issue involves a novel question of state law upon which it is both desirable and important that an authoritative decision by the state courts be obtained, as here, such fact should be given weight by the court in the exercise of its discretion.

If, as appeared from the pleadings, this suit, at the time of trial, had actually involved the question of the legal obligation of plaintiffs under the policy to defend defendant Leslie in said suits pending in the state courts, it would seem that this court could not in the exercise of a wise discre-

tion refuse a declaratory judgment for the reason that such issue could not be determined in the pending cases, to which plaintiffs were not parties. It appearing, however, that prior to the trial of the declaratory judgment suit, the pending suits against defendant Leslie had ripened into judgments, plaintiffs' obligation under the policy to defend in those suits was no longer a live issue. The only issue remaining is the liability of plaintiffs under the policy to pay said judgments and costs. Counsel for defendants are ready to proceed in said suits in an auxiliary proceeding by way of garnishment to test plaintiffs' liability on the policy.

In Illinois garnishment is an ancillary proceeding provided by statute by means of which satisfaction of the judgment in the principal action may be obtained. First National Bank of Palatine v. Hahnemann Inst. of Chicago, Inc., 356 Ill. 366, 369, 190 N.E. 707. It is not an independent proceeding but is ancillary or auxiliary and may properly be used in Illinois by an owner of a judgment to test the liability of an alleged insurer on its policy to the judgment debtor. Chapter 62, sections 1–32, Illinois Revised Statutes; Freeport Motor Casualty Company v. Madden, 354 Ill. 486, 489, 188 N.E. 415; Zimek v. Illinois National Casualty Company, 370 Ill. 572, 19 N.E.2d 620; Ancateau v. Commercial Casualty Insurance Company, 318 Ill.App. 553, 48 N.E.2d 440; Wold v. Glens Falls Indemnity Company, 269 Ill.App. 407. The plaintiff in a garnishment proceeding cannot recover against the garnishee unless the judgment debtor could do so. Schneider v. Autoist Mutual Insurance Company, 346 Ill. 137, 178 N.E. 466; Ancateau v. Commercial Casualty Insurance Company, 318 Ill.App. 553, 48 N.E.2d 440. From the foregoing it is apparent that the plaintiffs may present as their defense in the pending suits in the state court the only issues which ren ᵢ before this court and will there be afforded complete protection.

The facts hereinbefore set forth bring this case within the decision of the Seventh Circuit Court of Appeals in American Automobile Insurance Company v. Fruendt, 103 F.2d 613, wherein it was held that the district court properly dismissed the complaint in a declaratory judgment suit brought by the insurance company to test its liability under a policy of insurance, for the reason that in the pending action in the state court involving the policy, judgment had already been rendered against the insured and the insurance company could present its defenses under the policy in the ancillary garnishment proceeding in the pending state case.

. Under all the circumstances it would seem more in keeping with the rule of comity between the state and federal courts and a more proper exercise of the court's discretion if the court denies declaratory relief in this case with dismissal of the complaint. American Automobile Insurance Company v. Fruendt, 7 Cir., 103 F.2d 613; Brillhart v. Excess Insurance Company of America, supra; Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321.

It is so ordered.